### DRABKIN et al. v. GIBBS & HILL, Inc.

District Court, S. D. New York.

Oct. 13, 1947.

Ramey & McKelvey, of New York City (William McKelvey, of New York City, of counsel), for plaintiffs.

Putney, Twombly, Hall & Skidmore, of New York City (Thomas M. Kerrigan, of New York City, of counsel), for defendant.

LEIBELL, District Judge.

This is an action by employees of defendant to recover unpaid overtime compensation and liquidated damages, under Section 16(b) of the Fair Labor Standards Act, 29 U.S.C.A. § 216(b).

The defendant has moved " * * * for an order dismissing the complaint in the within action upon grounds set forth in Rule 12 of the Rules of Civil Procedure for the District Courts of the United States as follows: 1. This Court lacks jurisdiction over the subject matter. 2. The within complaint fails to state a claim upon which relief can be granted, and for such other and further relief which to this Court may seem just and proper".

On September 10, 1947 the attorneys for the plaintiffs filed with the Clerk of this Court a complaint in this action (Civil 43-320) and on the same day the Clerk issued a summons addressed to the defendant. The return of the deputy marshal indicates that the summons and a copy of the complaint were served on the defendant on September 11, 1947 at West 33rd Street, New York City, by leaving a copy with defendant's purchasing agent. There are nine named plaintiffs in the title of this action, suing "individually, and for and on behalf of themselves and other persons similarly situated". No one of the nine plaintiffs filed a written consent to become a party to the action at the time the complaint was filed (September 10, 1947) nor has any such consent been filed since that date, either by any of the nine named plaintiffs or by any other employee of defendant on whose behalf the named plaintiffs are also suing.

Defendant's attorneys contend that plaintiffs have failed to commence the action in the manner prescribed in the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 251 et seq., and that their claims are now barred by the Statute of Limitations set forth in Section 6 of said Act; that the plaintiffs' "cause of action" accrued (some time prior to January 1, 1945) more than two years prior to the enactment of the Portal-to-Portal Act which became a law May 14, 1947; that if plaintiffs had properly commenced an action complying with Section 7 of the Portal-to-Portal Act within the 120 day period following the enactment date (that is on or prior to September 11, 1947) this court would have jurisdiction, but that since this is a collective or class action any plaintiff specifically named as such, in addition to filing the complaint, was also required to file a written consent to become a party plaintiff, before the action may be considered to have been "commenced"; and that not having filed such consent he is forever barred from recovery in the within action, because of the Statute of Limitations aforementioned.

Paragraph I of the complaint alleges: "Plaintiffs bring this action for and in be-

half of themselves and former employees of defendant similarly situated, to recover unpaid overtime compensation and an additional equal amount as liquidated damages pursuant to Section 16(b) of the Fair Labor Standards Act of 1938, Pub. No. 718, 75th Cong., 52 Stat. 1060 [29 U.S.C.A. § 216(b)], hereinafter referred to as the Act."

In paragraph II it is alleged that jurisdiction is conferred upon this Court "by Section 41(8), 28 U.S.C.A." relating to suits arising under any law regulating commerce, and by § 16(b) of the Fair Labor Standards Act, Tit. 29, § 216(b), U.S.C.A.

Paragraphs III and IV allege that defendant is a New Jersey corporation conducting business in the County of New York, in the Southern District of New York. Paragraph V describes the defendant's business as that of consulting engineers, and paragraph VI alleges that "a substantial portion of the designs, reports and directions so manufactured and produced by the defendant at its plants and places of business at 370 and 450 Seventh Avenue, New York City" and elsewhere, has been subsequently sold and transported in interstate commerce.

Paragraph VII of the complaint alleges that "During the period from September 1, 1941 to December 31, 1944, defendant employed approximately seventy-five (75) employees, including plaintiffs * * *" in its plants in New York City, and that "* * * said employees have, during the said period, been regularly and continuously employed, * * * in * * * producing designs, drawings and blueprints * * *" of which a substantial portion have been sold and shipped in interstate commerce.

Paragraph VIII alleges that the defendant's employees were engaged in interstate commerce and in the production of goods for interstate and "were compensible under and pursuant to a contract and agreement with defendant's, and/or under and pursuant to customs and practices on the part of the defendant".

Paragraph IX alleges that "in and during the regular course of their employment by the defendant as aforesaid, and *during all or part of the period from September 1, 1941, to December 31, 1944,* plaintiffs were employed by defendant as draftsmen, under supervision" and they produced designs etc. which were shipped in interstate commerce.

Paragraph X of the complaint contains the gravamen of the claim as follows: *"During the period from September 1, 1941 to January 1, 1944,* defendant has employed plaintiffs as aforesaid in interstate commerce, and in the manufacture and production of goods for interstate commerce, as aforesaid, for workweeks longer than the applicable maximum number of hours prevailing under Section 7 of the Act, (40 hours), and the defendant has failed, neglected and refused to compensate them for such employment in excess of such applicable maximum number of hours in such workweeks, at rates not less than one and one-half (1½) times their agreed and regular rates of pay, at which they were employed."

Paragraph XI alleges that this was a "violation of Section 7 of the Act"; and Paragraph XII adds that by reason of the premises divers sums are due from the defendant to the plaintiffs "the exact amounts of which are presently unknown to plaintiffs".

The prayer for relief is as follows: "Wherefore, plaintiffs and each of them pray that they jointly and severally recover from the defendant such sums of money as may be found to be due and owing from the defendant to plaintiffs for and on account of unpaid overtime compensation and that plaintiffs and each of them recover from the defendant a further, equal and additional amount as liquidated damages together with reasonable counsel fees and the costs and disbursements of this action."

I have italicized the period for which claims are made to emphasize the fact that the claims arose or the causes of action thereon accrued prior to January 1, 1945. This is important as will hereinafter appear.

Prior to May 14, 1947 when the Portal-to-Portal Act of 1947 became a law, subdivision (b) of Section 16 of the Fair Labor Standards Act, Tit. 29 U.S.C.A. §

216(b), provided: "(b) Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action. June 25, 1938, c. 676, § 16, 52 Stat. 1069."

This was amended by Section 5 of the Portal-to-Portal Act which I quote as follows:

"Sec. 5 Representative Actions Banned.—

"(a) The second sentence of section 16 (b) of the Fair Labor Standards Act of 1938, as amended, is amended to read as follows: 'Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.'

"(b) The amendment made by subsection (a) of this section shall be applicable only with respect to actions commenced under the Fair Labor Standards Act of 1938, as amended, on or after the date of the enactment of this Act."

It will be noted that by this amendment the second half of the second sentence of § 16(b) reading "or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated" was eliminated from the subsection in respect to actions commenced after May 14, 1947. The amendment also added a new sentence to section 16(b) as follows: "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."

Section 6 of the Portal-to-Portal Act also provided a Statute of Limitations, Tit. 29 U.S.C.A. § 255, for suits for unpaid overtime compensation under the Fair Labor Standards Act, which prior to the amendment contained no time limit for the bringing of such actions, so that the statutes of limitations of the States (which varied greatly) applied.

The Statute of Limitations set up by Section 6 of the Portal-to-Portal Act reads as follows:

"Sec. 6. Statute of Limitations.—Any action commenced on or after the date of the enactment of this Act to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act—

"(a) if the cause of action accrues on or after the date of the enactment of this Act—may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued;

"(b) if the cause of action accrued prior to the date of the enactment of this Act—may be commenced within whichever of the following periods is the shorter: (1) two years after the cause of action accrued, or (2) the period prescribed by the applicable State statute of limitations; and, except as provided in paragraph (c), every such action shall be forever barred unless commenced within the shorter of such two periods;

"(c) if the cause of action accrued prior to the date of the enactment of this Act, the action shall not be barred by paragraph (b) if it is commenced within one hundred and twenty days after the date of the enactment of this Act unless at the time commenced it

is barred by an applicable State statute of limitations."

The Act then provides in Section 7, Tit. 29 U.S.C.A. § 256, a definition of when an action described in Section 6 shall be considered to be commenced. Section 7 provides:

"Sec. 7. Determination of Commencement of Future Actions.—In determining when an action is commenced for the purposes of section 6, an action commenced on or after the date of the enactment of this Act under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act, shall be considered to be commenced on the date when the complaint is filed; except that in the·case of a collective or class action instituted under the Fair Labor Standards Act of 1938, as amended, or the Bacon-Davis Act, it shall be considered to be commenced in the case of any individual claimant—

"(a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or

"(b) if such written consent was not so filed or if his name did not so appear—on the subsequent date on which such written consent is filed in the court in which the action was commenced."

■ The provisions of § 7 of the Portal-to-Portal Act for determining "when an action is commenced for the purpose of section 6" show that the requirement for the filing of the "written consent to become a party plaintiff" is for the specific purpose of determining the applicability of the statute of limitations. The filing of the written consent to become a party is not a prerequisite to the issuance of the summons by the Clerk of the Court under Federal Rules of Civil Procedure, rule 4, 28 U.S.C.A. following section 723c. The action is commenced for the purpose of the issuance of the summons when the complaint is filed with the Court pursuant to Rule 3, F.R.C.P. If the complaint alleges a violation of § 7 of the Fair Labor Standards Act, Tit. 29 U.S.C.A. § 207, the Court would have jurisdiction of the subject matter of the action for unpaid overtime under § 16(b) of the Fair Labor Standards Act, Tit. 29 U.S.C.A. § 216(b). Jurisdiction over the defendant is obtained by the service of the summons issued by the Clerk after the filing of the complaint.

■ Whether or not the defendant has a defense of the Statute of Limitations may be determined in a collective action by an examination of the docket as to whether written consent of the employee to become a party plaintiff was filed, if the complaint contains no allegation on that point.

The claim or cause of action on which each plaintiff sues was created by statute, §§ 7 and 16(b) of the Fair Labor Standards Act. That statute has been amended by the Portal-to-Portal Act of May 14, 1947 fixing a time limitation within which the action may be commenced and the amending statute declares that unless the action is so commenced it "shall be forever barred".

■ If the complaint plus the Clerk's docket show that the action was not commenced within the time fixed by the statute, a motion to dismiss the complaint is proper. On such a motion defendant may submit an affidavit, advising the Court of the failure of the named plaintiffs to file a written consent, and of the expiration of the time within which they could do so. The motion may be made under Rule 12(b), F.R.C.P. to dismiss the complaint for "failure to state a claim upon which relief can be granted". See opinion by Judge Caffey in Munson Line v. Green, D.C., 6 F.R.D. 470, at page 474, citing A. G. Reeves Steel Const. Co. v. Weiss, 6 Cir., 119 F.2d 472, at page 476; Gossard v. Gossard, 10 Cir., 149 F.2d 111, at page 113; Berry v. Chrysler Corp., 6 Cir., 150 F.2d 1002, 1003. See also Callahan v. Chesapeake & Ohio Ry., D.C., 40 F.Supp. 353. The court may consider an affidavit where such motion is based upon the defense of limitations where the face of the complaint shows when the cause of action·accrued. See opinion by Judge A. N. Hand in Boro Hall Corp. v. General Motors Corp., 2 Cir., 124 F.2d 822, citing cases and holding that the affidavit could be used and the motion considered as made either under Rule 12(b) or under Rule 56 (for summary

judgment). See also cases cited in Moore's Federal Practice (Supplement to Vol. 1, p. 264) including Kithcart v. Metropolitan Life Insurance Co., 8 Cir., 1945, 150 F.2d 997, 1000.

What has been said of the named plaintiffs and the effect of their failure to file timely a written consent, would apply with equal force to any claim of an unnamed prospective plaintiff, on whose behalf the nine named plaintiffs assumed to sue. Their claims are likewise barred.

The complaint is dismissed under Rule 12(b), F.R.C.P. for failure to state a claim on which relief can be granted.

Settle order accordingly.