## BURRELL et al. v. LA FOLLETTE COACH LINES et al.

### No. 1018.

United States District Court
E. D. Tennessee, N. D.

April 19, 1951.

Leonard Ladd, Harriman, Tenn., for plaintiffs.

R. R. Kramer, Kramer, McNabb & Greenwood and Wayne Parkey, all of Knoxville, Tenn., for defendants.

ROBERT L. TAYLOR, District Judge.

Defendants have moved for a dismissal of the action on the ground that it is barred by the provisions of Sections 255 and 256, Title 29 U.S.C.A., of the Portal-to-Portal Act.

The original complaint was filed on behalf of 32 named plaintiffs "and all other persons and employees of defendant who are or were similarly situated." The complaint was signed by attorneys for the plaintiffs and sworn to by Albert Burrell, one of the named plaintiffs. An amended complaint has been signed by an attorney for the plaintiffs and sworn to by the same attorney.

The action was brought to recover overtime compensation under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. The work period for which overtime compensation is sought ended March 31, 1946. The complaint was filed July 17, 1947.

In support of their motion to dismiss, defendants rely on Sec. 255 and Sec. 256 of the Portal-to-Portal Act. Section 255 provides in pertinent part as follows:

"Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended, * * *

"(a) * * *

"(b) if the cause of action accrued prior to May 14, 1947—may be commenced within whichever of the following periods is the shorter: (1) two years after the cause of action accrued, or (2) the period prescribed by the applicable State statute of limitations; and, except as provided in paragraph (c), every such action shall be forever barred unless commenced within the shorter of such two periods;

"(c) if the cause of action accrued prior to May 14, 1947, the action shall not be barred by paragraph (b) if it is commenced within one hundred and twenty days after May 14, 1947 unless at the time commenced it is barred by an applicable State statute of limitations."

Section 256 provides:

"In determining when an action is commenced for the purposes of section 255 of this title, an action commenced on or after May 14, 1947 under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act, shall be considered to be commenced on the date when the complaint is filed; except that in the case of a collective or class action instituted under the Fair Labor Standards Act of 1938, as amended, or the Bacon-Davis Act, it shall be considered to be commenced in the case of any individual claimant—

"(a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or

"(b) if such written consent was not so filed or if his name did not so appear—on the subsequent date on which such written consent is filed in the court in which the action was commenced."

No State statute of limitations is applicable to this case, and it is admitted that the complaint was filed within one hundred and twenty days after May 14, 1947, the effective date of the Portal-to-Portal Act. But no written consent to become a party plaintiff was filed with the complaint, nor has any written consent yet been filed.

█ It is averred in the amended complaint that the named plaintiffs have entered into a written contract employing counsel to file the original complaint. The contract has not been filed with the Court.

It is insisted on behalf of the named plaintiffs that had 32 separate complaints been filed, one for each named plaintiff, there would have been no necessity for the filing of written consents. It is argued that there is no difference in principle between the filing of one complaint on behalf of 32 named plaintiffs, and the filing of 32 separate complaints. It is not necessary to decide whether the argument is sound, for Section 256 establishes a difference in fact. As noted heretofore, the original complaint was sworn to by one of the named plaintiffs. As to this plaintiff, it is the Court's opinion that compliance with the requirement of a written consent sufficiently appears. By the amended complaint, the action has been abandoned as to the unnamed plaintiffs.

The question now is whether the filing of written consents was necessary as to all of the named plaintiffs, other than the one who signed the verification.

█ It is recognized that an action under Sec. 216 of the Fair Labor Standards Act is not truly a class action within Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C.A. Clougherty v. James Vernon Company, 6 Cir., 187 F.2d 288.

The attempt to make this a class action is indicated by the language "and all other persons and employees of the defendant who are or were similarly situated." As an attempt to maintain a class action, the suit, as heretofore indicated, has been abandoned.

█ Section 256 uses the language "except that in the case of a collective or class action * * *." It is not explained whether this language describes collective and class action as one and the same thing, or whether it describes two kinds of actions. That collective action means a group action, such as the one before the Court, is indicated by other language of the Section. It provides that in the case of collective action, suit "shall be considered to be commenced in the case of any individual claimant—

"(a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint * * *." Here 32 persons are specifically named in the complaint. One has signed the verification. This, it seems is clearly an attempt to maintain an action for the collective benefit of all the plaintiffs. The Section in such case provides that an action is commenced when the complaint is filed and the written consents of the named plaintiffs are also filed. The filing of the complaint alone is not a sufficient commencement of action to stop the running of the statute of limitations set out in Section 255.

Sub-section (b) of Section 256 supports this reasoning. If the written consents were not filed with the complaint, whether the complaint was filed as a collective action of named plaintiffs or as a spurious class action for others similarly situated, members of either category may satisfy the requirements for commencement of the action under the provisions of Sub-section (b) by subsequently filing written consents. If "such written consent was not so filed" by a named plaintiff at the time of the

filing of the complaint, the action is commenced as to him on the subsequent date on which his written consent is filed, "or if his name did not so appear" on the complaint, suit may subsequently be commenced as to him by the filing of his written consent. Thus, read in its entirety, Section 256 recognizes a collective action as something different from a class or representative action, but requires the filing of written consents in both.

■ By Section 255, the action was barred after one hundred and twenty days from the effective date of the Portal-to-Portal Act, that is, from May 14, 1947. The complaint here was filed within the one hundred and twenty days, but the written consents required by Section 256 were not, and have not been, filed. Because of Section 256, the action for purposes of the statute of limitations has not been commenced at all, except as to Albert Burrell, as heretofore noted.

■ In Drabkin v. Gibbs & Hill, Inc., D.C., 74 F.Supp. 758, 762, a case quite similar to the one before this Court, the action was dismissed upon motion of the defendant for failure of the named plaintiffs to file their written consents within the limitation period. One purpose in naming the parties plaintiff in the initial pleading is to apprise the defendant of individuals against whom he must prepare his defense. In the Drabkin case, however, the court pointed out that requirement of the written consent of the named plaintiffs has a purpose beyond that of notice. A more specific purpose is that "of determining the applicability of the statute of limitations."

■ Ordinarily, the defense of a statute of limitations is affirmatively pleaded in the answer. Rule 8(c) of the Federal Rules of Civil Procedure. The application of Rule 8, however, is not exclusive and the same objective may be reached by a motion to dismiss. Berry v. Chrysler Corporation, 6 Cir., 150 F.2d 1002; Drabkin v. Gibbs & Hill, Inc., D.C., 74 F.Supp. 758.

It results from the foregoing that the complaint should be dismissed as to all of the plaintiffs except Albert Burrell. As to Burrell, the motion should be overruled.

Let an appropriate order be prepared.