**DELEY et al.**

v.

**ATLANTIC BOX & LUMBER CORP.**

Civ. A. No. 1252–52.

United States District Court
D. New Jersey.
March 15, 1954.

Talisman & Golat, Newark, N. J., by Solomon Golat, Newark, N. J., for plaintiffs.

Cohen & Turtz, West New York, N. J., by Sydney I. Turtz, West New York, N. J., for defendant.

HARTSHORNE, District Judge.

The four plaintiffs, Pierre Deley, Joseph Stubin, Anthony Gentile, and Fritz Christmann, sue defendant, their employer, each in separate counts, to recover alleged unpaid overtime compensation, plus liquidated damages, under the Fair Labor Standards Act of 1938, § 16 (b), 29 U.S.C.A. § 216(b). Defendant answered this complaint in January 1953, but not till a year later, in January 1954, when the case was pre-tried, did it raise the defense that plaintiffs' failure to file timely their "consent in writing" to becoming a party to the suit under the above section, and its amendment by the so-called Portal-to-Portal Act, Public Law 49, 80th Congress, Chap. 52, 1st Sess., approved May 14, 1947, 29 U.S. C.A. § 256, as amended, had barred such action. It then moved to strike the complaint accordingly, as permitted at pre-trial.

The question is, whether plaintiffs here are required by the statute to file any

"consent in writing" thereunder, in order to bring the above suit. This, in turn, depends more explicitly upon the question whether such suit is one brought by an employee for such overtime "for and in behalf of himself or themselves and other employees similarly situated", Section 216(b), as amended by the Portal-to-Portal Act of 1947, § 5, and as called a "collective or class action" by Section 7 of the latter act. See also F.R.C.P. 23(a) (3), 28 U.S.C.A. "Class actions". Or, on the other hand, is this action simply one brought by each employee for his own overtime rights, all four such actions being joined as four separate counts in a single complaint under the entirely different authority of F.R.C.P. 20(a), which permits the joinder "in one action" of rights "arising out of the same * * * series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action."

As usual, the intent of the Congress, in the enactment of the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 251 et seq., becomes of importance in construing its words, and this intent is illuminated by the history of those words.

After the Fair Labor Standards Act was adopted in 1938, 29 U.S.C.A. § 201 et seq., a host of so-called class actions were instituted to recover overtime, with certain employees bringing suit therefor "in behalf of himself or themselves and other employees similarly situated," exactly as Congress itself stated in the above statute. The essence and prime purpose of those actions were that one employee would seek to obtain the adjudication of his rights on behalf of all others similarly situated. The others would normally not be named, and the suit might well proceed to judgment on behalf of the single named party plaintiff, without the specific rights of the others ever being actually considered. Yet many courts held that a favorable judgment for the named employee plaintiff would be res judicata for all members of the class, and per contra, it has

been held that a judgment for the employer would not bar actions thereafter by members of the class who were not parties in fact to the original suit. Further, it had been held that the filing of the complaint lifted the time bar of the statute of limitations not merely as to the party actually before the Court, but as to all members of the class. In addition, of course, in a complaint by employee A in behalf of all others similarly situated, as well as himself, the defendant never knew what other members of the class were going to participate in the action in fact, and might therefore well be surprised at trial by such testimony, at least in the absence of an unusually thorough pre-trial. Indeed it has also been held that unknown members of a class could intervene even after trial. 3 Moore's Federal Practice, page 3465, 3456, 3476 (2d Ed.1948).

■ Faced with this situation, imposing such a hardship on defendant employers, the Congress enacted the Portal-to-Portal Act of 1947, with the provisions above alluded to. The object of these provisions therefore clearly was to make these uncertain plaintiffs certain, and actual participants, so that defendants could know the parties and the charges with which they were to be faced.

Obviously, therefore, these provisions requiring the filing of written consents were intended to apply to suits brought by one employee in behalf of others similarly situated who were unnamed, and whose several causes of action were not set forth. By the same token, such additional requirements were totally unnecessary as to named plaintiffs, whose separate causes of action were pleaded—as here.

Turning from the history of the statute to its words, we note that the "collective or class action instituted under the Fair Labor Standards Act of 1938, as amended", 29 U.S.C.A. § 256, Portal-to-Portal Act, § 7, definitely refers to the above actions commenced by "employees for and in behalf of himself or

themselves and other employees similarly situated", and that it is only as to "a party plaintiff to any *such* action * * *" (italics the Court's) that a consent in writing is to be filed.

Therefore, the intent of Congress is clear, both because of the problem to be remedied and the very words used by the Congress to remedy the problem. This intent is that it is only in an action filed by an employee, on behalf of himself and others, that a consent is to be filed. It is this action only which is to be deemed commenced after such consent is filed, with the consequent applicability thereto of the statute of limitations clauses of the act, 29 U.S.C.A. §§ 255, 257. Nor are the cases of MacDonald v. Martinelli, D.C.S.D.N.Y. 1950, 120 F.Supp. 383; Brown v. Dunbar & Sullivan Dredging Co., 2 Cir., 1952, 189 F.2d 871, and Burrell v. La Follette Coach Lines, D.C.E.D.Tenn.N.D., 1951, 97 F.Supp. 279, to the contrary. In fact, the MacDonald case is completely in accord. And in Brown, the Court's viewpoint of the aim of the Portal-to-Portal Act is exactly as above stated. Indeed, in Burrell it is to be noted that while the 32 plaintiffs were specifically named in the complaint, the Court noted that but "One has signed the verification. This, it seems is clearly an intent to maintain an action for the collective benefit of all the plaintiffs." [97 F.Supp. 282.] In short, the situation there was that but one plaintiff was before the Court, this plaintiff seeking to sue "for and in behalf of himself or themselves and other *employees similarly situated*", the typical collective action situation, which requires the filing of "consents in writing".

The action here, on the contrary, states separate causes of action for each separately named plaintiff, who sues for himself alone. These separate causes of action are joined in a single complaint, under F.R.C.P. 20, not because they are a collective or class action under F.R.C.P. 23.

Defendant's motion to strike the complaint is accordingly denied.