James P. MITCHELL, Secretary of Labor, United States Department of Labor,

v.

MACE PRODUCE COMPANY, Inc., a corporation, and Ben Braunstein, Freda Braunstein, and Milton Braunstein.

John GREENE, Richard W. McDuffie, Daniel Richardson, Thomas Mullen, John Wilson and James Haines,

v.

MACE PRODUCE COMPANY, Inc., a corporation, Ben Braunstein, Freda Braunstein and Milton Braunstein.

Civ. A. Nos. 10265, 10373.

United States District Court
D. Maryland.

June 23, 1958.

Stuart Rothman, Washington, D. C., Ernest N. Votaw, Philadelphia, Pa., and Morton I. Schwartzman, Washington, D. C., for plaintiff Mitchell.

Weldon Leroy Maddox, Baltimore, Md., for plaintiffs Greene and others.

Harry Silbert, Baltimore, Md., for defendants.

R. DORSEY WATKINS, District Judge.

On January 7, 1958 James P. Mitchell, Secretary of Labor, brought suit (Civil Action No. 10265) pursuant to the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.A. § 201 et seq., to recover on behalf of certain employees of the defendants unpaid minimum wages and unpaid overtime compensation allegedly due. Although only two employees were named in the first paragraph of the complaint as being the ones on whose behalf suit was instituted, the complaint asserted three causes of action on behalf of three different em-

ployees, the third cause of action as set out in paragraph six of the complaint seeking recovery on behalf of James W. Haines, the employee not named in paragraph one, and alleging, inter alia, that Haines had "filed with the plaintiff a written request to bring this action. * * *" On January 24, 1958 defendants filed their answer and the same day the Secretary of Labor filed an amended complaint in which, among other changes, the name of Haines was added to paragraph one. On February 6, 1958 defendants' answer to the amended complaint was filed. On February 24, 1958 Haines and five others brought suit (Civil Action No. 10373) in their own names to recover from the defendants unpaid compensation, liquidated damages, attorney's fees and costs. On March 27, 1958 defendants answered the complaint as to all six plaintiffs and also filed a motion to dismiss that portion of the bill of complaint in Civil Action No. 10373 relating to the cause of action asserted by plaintiff Haines. This motion was followed, in a matter of days, by one filed by the Secretary of Labor seeking the dismissal, without prejudice, of the claim on behalf of James W. Haines previously asserted in the complaint filed by the Secretary of Labor on January 7, 1958 as amended on January 24, 1958.[1]

The ground for the defendants' motion in Civil Action No. 10373 is essentially that at the time of the institution of that suit there was already pending the suit brought by the Secretary of Labor on behalf of Haines, the subject matter of which comprised the subject matter of Civil Action No. 10373.[2] The defendants take the position that, as

1. Hereafter the court will, in referring to the two motions to dismiss, not repeat that the motions are limited to the claims asserted by or on behalf of Haines only and are in no way directed to the recovery sought by or on behalf of the other employees, such a qualification having been here expressly made for all future purposes of discussion in this opinion.

2. The defendants in their brief refer to Haines as a party plaintiff in the suit

by the Secretary of Labor, a contention which the Secretary of Labor vigorously opposed in earlier proceedings in that suit, relative to issues other than the ones herein involved. That conflict need not here be resolved but the court wishes to make it clear that when it uses the phrase "the same subject matter" it means only the same factual background giving rise to the two causes of action and it expresses no opinion, nor has it considered, whether or not the parties to the two suits are the same.

Haines cannot have recovery in both cases since both causes of action arise out of and are founded upon the same fact situation, there is an inherent power in the court to dismiss one of the suits and that it logically follows and, indeed, the orderly procedure of law dictates the exercise of that power by the dismissal of Civil Action No. 10373 prior to, and without prejudice to, the consideration of the dismissal of the suit brought by the Secretary of Labor on behalf of Haines. The defendants support their position by urging that if, as they contend, a second suit should not be filed in a court where there is a pending suit encompassing the same subject matter until the first suit has been dismissed, then, when through some error two such suits have been filed and are pending simultaneously, upon a motion to dismiss, the action last filed must be the first dismissed. This is clearly a non sequitur (assuming arguendo the basic premise of the defendants that the pendency of two suits, if it does not require, at least permits, the dismissal of one), if the error to be corrected is considered to be not the filing of the second suit but rather the failure to dismiss the first suit. The defendants further argue that a basis for the dismissal of Civil Action No. 10373 prior to a consideration of the Secretary of Labor's motion to dismiss the suit brought by him exists by reason of the fact that their motion for dismissal was filed shortly before the motion of the Secretary of Labor. However, both motions were set for hearing, and were heard, on the same day and this court feels correctly so. There are practical and substantial reasons for considering the two motions together and for dismissing that suit which properly should be dismissed, for, defendants' arguments aside, by statutory mandate one of the pending causes of action must sooner or later be dismissed.

Title 29 U.S.C.A. § 216 governs who may sue and what recovery may be had, the relevant portions of which section are, for the determination of the issues now raised, as follows:

" * * * (b) Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

" (c) * * * When a written request is filed by any employee with the Secretary of Labor claiming unpaid minimum wages or unpaid overtime compensation under section 206 or section 207 of this title, the Secretary of Labor may bring an action in any court of competent jurisdiction to recover the amount of such claim: * * *. *The consent of any employee to the bringing of any such action by the Secretary of Labor, unless such action is dismissed without prejudice on motion of the Secretary of Labor, shall constitute a waiver by such employee of any right of action he may have under subsection (b) of this section for such unpaid minimum wages or unpaid overtime compensation and an additional equal amount as liquidated damages.* * * * " (Emphasis supplied.)

At the time the motion of the Secretary of Labor to dismiss was filed the ground alleged in support of that motion was that Haines had filed an action on

his own behalf under subsection 216(b). Thereafter a memorandum was submitted, in part, as follows:

"Sometime prior to January 1, 1958 the Secretary of Labor received written requests from Charles Johnson and Lloyd Snowden to sue for unpaid wages under the Fair Labor Standards Act. When this office had prepared a Complaint to file in such an action, the Regional Director of the Wage and Hour Division early in January, 1957 [sic] received a letter from James W. Haines asking 'the Division's Director to sue for back wages due to me'. Considering this to be an inexpert request to the Secretary and in order to stop further running of the statute of limitations, we added a count setting forth a claim on behalf of James W. Haines to the Complaint already typewritten and filed it and at the same time requested Mr. Haines to send us a more formal request to the Secretary. * * * Mr. Haines instead of formalizing a request to the Secretary to bring suit has employed private counsel and instituted suit on his own behalf. Under such circumstances the Secretary can do no less than gracefully withdraw, by asking the Court to dismiss this action as to any claim on behalf of James W. Haines."

Subsequent to the hearing on the motion of the Secretary of Labor the administrative interpretation of the United States Department of Labor of sections 216(b) and 216(c), and specifically as they apply to the instant situation, was presented [3] as being:

"Section 16(c) of the Act refers to actions brought by the Secretary and it has therefore been our position that the written request to be filed by the employee as a basis for such action must be a request to the Secretary. We are further constrained to take this position by the additional provisions that the con-

sent of an employee to the bringing of action by the Secretary, unless such action is dismissed without prejudice on the motion of the Secretary, is a waiver by the employee of his right of action under section 16(b).

"Thus where an employee has not only failed to request the Secretary directly to sue, notwithstanding a specific request to do so, but has employed private Counsel and instituted 16(b) action on his own, the Secretary can certainly do no less than dismiss the action without prejudice as the employee has clearly indicated that he does not wish to waive his 16(b) rights. Since, under the Rules of Civil Procedure, the plaintiff may not dismiss on his own motion after an answer has been filed and the defendant in Civil Action No. 10265 has refused to join in a stipulation of dismissal, it was necessary for us to file the pending motion in that case, which we request the Court to grant."

The motion of the Secretary of Labor should be granted regardless of whether it is granted before or after disposition of defendants' motion in Civil Action No. 10373. There is absolutely no reason to hold the Secretary as a captive plaintiff or to force the employee to seek his recovery under the provisions of subsection 216(c) when the statute provides for dismissal without prejudice on motion of the Secretary and for alternative recoveries. Particularly is this true when the Secretary maintains that his suit was filed without the proper authorization and the employee has openly manifested his desire to proceed under subsection 216(b). The Secretary's motion is one addressed solely to the discretion of the court and even the defendants have not attempted to argue that dismissal without prejudice would be an abuse of that discretion, their only contention being that the motion should not be granted at this time, thus allowing

3. Quoting from letter of Regional Attorney of United States Department of Labor.

them to urge dismissal of Civil Action No. 10373 on the ground that the Secretary's suit is pending. Were the defendants to prevail and the Secretary's suit thereafter to be dismissed, the resulting unfairness and injustice to the employee of such a decision would be obvious in view of the fact that the original complaint itself was hastily filed "in order to stop further running of the statute of limitations". Moreover, the statute which authorizes a suit to be brought by the Secretary makes the filing of a written request a condition precedent to such suit. By administrative interpretation a specific, formal type of written request is required. Haines has not, and will not, comply with the procedures established by Department of Labor. Whether or not the "written request" required by statute is synonymous with the "consent" constituting waiver, as conceivably consent might exist without a written request, the only evidence of either in these proceedings is the letter of James W. Haines. The same reasons for considering the letter defective, and ineffective, as a request to the Secretary would apply with equal force to the question of whether or not the letter constituted "consent * * * to the bringing of any such action by the Secretary of Labor". Accordingly the motion of the Secretary of Labor to dismiss without prejudice Civil Action No. 10265, insofar as it relates to Haines, is granted.

■ Thus the defendants' entire argument for dismissal in Civil Action No. 10373, being based on the pendency of two suits, falls. As no consent on the part of Haines to a suit by the Secretary of Labor has been established, no question of a possible waiver of Haines' right to proceed under subsection 216(b) has been raised. However, at the hearing on the defendants' motion to dismiss, a question did arise as to the interpretation to be placed on the provisions of subsection 216(b) of Title 29 U.S.C.A. specifying, in part, that no "employee shall be a party plaintiff to any such action unless he gives his consent in writing to be-

come such a party and such consent is filed in the court in which such action is brought", the question being, does the statute require Haines to file a consent in writing to become a party plaintiff in Civil Action No. 10373.

This action was filed by six named plaintiffs and states separate causes of action for each separately named plaintiff who sues for himself alone although said separate causes of action are joined in a single complaint as authorized by rule 20(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Paragraphs I, II, III, IV and V set out the facts common to, and giving rise to, the separate causes of action. Paragraphs VI, VII, VIII, IX, X and XI set out what is alleged to be due and owing to each individual and respective plaintiff, and the complaint concludes with a demand by each separate and individual plaintiff that a judgment be entered on his separate and individual behalf against the defendants.

The carefully reasoned opinion in Deley v. Atlantic Box & Lumber Corporation, D.C.N.J.1954, 119 F.Supp. 727, is dispositive of the question herein raised. The facts in the Deley case showed that four plaintiffs sued defendant, their employer, each in separate counts, to recover alleged unpaid overtime compensation, plus liquidated damages, under the provisions of section 216(b). There the court said at pages 727–729:

"The question is, whether plaintiffs here are required by the statute to file any 'consent in writing' thereunder, in order to bring the above suit. This, in turn, depends more explicitly upon the question whether such suit is one brought by an employee for such overtime 'for and in behalf of himself or themselves and other employees similarly situated', Section 216(b), as amended by the Portal-to-Portal Act of 1947, § 5, and as called a 'collective or class action' by Section 7 of the latter act. See also F.R.C.P. 23(a) (3), 28 U.S. C.A. 'Class actions'. Or, on the other hand, is this action simply one

brought by each employee for his own overtime rights, all four such actions being joined as four separate counts in a single complaint under the entirely different authority of F.R.C.P. 20(a), which permits the joinder 'in one action' of rights 'arising out of the same * * * series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action.'

\* \* \* \* \* \*

"Turning from the history of the statute to its words, we note that the 'collective or class action instituted under the Fair Labor Standards Act of 1938, as amended', 29 U.S.C.A. § 256, Portal-to-Portal Act, § 7, definitely refers to the above actions commenced by 'employees for and in behalf of himself or themselves and other employees similarly situated', and that it is only as to 'a party plaintiff to any *such* action * * *' (italics the Court's) that a consent in writing is to be filed.

"[2] Therefore, the intent of Congress is clear, both because of the problem to be remedied and the very words used by the Congress to remedy the problem. This intent is that it is only in an action filed by an employee, on behalf of himself and others, that a consent is to be filed. It is this action only which is to be deemed commenced after such consent is filed, with the consequent applicability thereto of the statute of limitations clauses of the act, 29 U.S.C.A. §§ 255, 257. * * *

"The action here, on the contrary, states separate causes of action for each separately named plaintiff, who sues for himself alone. These separate causes of action are joined in a single complaint, under F.R.C.P. 20, not because they are a collective or class action under F.R.C.P. 23."

Accord: MacDonald v. Martinelli, D.C. S.D.N.Y.1950, 120 F.Supp. 383; Cf.: Burrell v. La Follette Coach Lines, D.C. E.D.Tenn.N.D.1951, 97 F.Supp. 279; Sil-

verton v. Valley Transit Cement Co., Inc., D.C.S.D.Cal.S.D.1955, 140 F.Supp. 709, affirmed on another point, 9 Cir., 1957, 249 F.2d 409; Brown v. Dunbar & Sullivan Dredging Co., 2 Cir., 1951, 189 F.2d 871; Mateo v. Auto Rental Co., 9 Cir., 1957, 240 F.2d 831, 835; 29 U.S.C.A. § 256(a) and (b)—all dealing with collective or class actions, as distinguished from the type of action herein involved.

Accordingly, the defendants' motion to dismiss Civil Action No. 10373 is denied.