Kenneth M. WALLACE, Plaintiff,

v.

WATER TANK SERVICE COMPANY,
Inc., a Texas Corporation,
Defendant.

Civ. No. 65-465.

United States District Court
W. D. Oklahoma.

Aug. 15, 1966.

B. J. Cooper, Oklahoma City, Okl., for plaintiff.

William D. Curlee, Oklahoma City, Okl., for defendant.

ORDER

DAUGHERTY, District Judge.

The Defendant herein has filed a Motion to Dismiss with supporting brief for the reason that the Plaintiff has not complied with a requirement of Title 29 U.S.C. Section 216(b). In this regard Defendant contends the Plaintiff cannot bring this action unless a consent is filed in accordance with the following provision in Title 29 U.S.C. Section 216(b):

"\* \* \* No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. \* \* \*"

The Defendant asserts that the Plaintiff has filed no such consent and that by reason thereof this action should be dismissed. In addition, Defendant contends that the filing of such consent is necessary to stop the running of the applicable two-year statute of limitations and that all relief sought herein by the Plaintiff relates to employment more than two years prior to the date the Defendant filed its Motion to Dismiss; that by reason whereof, the Plaintiff's action is barred by the said two-year statute of limitations and should be dismissed for this reason.

The Plaintiff's Response states, inter alia, that the statutory provision of Title 29 U.S.C. Section 216(b) requiring written consent only applies to "collective" or "class" actions and does not apply to an individual action such as the case at bar and that his action was commenced when filed which was before the statute of limitations ran.

In ruling on this issue the Court must look to the history, purpose, and effect of the Fair Labor Standards Act of 1938, Title 29 U.S.C. Sections 201 et seq., as well as the amending provisions of the Portal-to-Portal Act of 1947, Title 29 U.S.C. Sections 251 et seq. Prior to the Portal-to-Portal Act of 1947, it had been held that the filing of the complaint lifted the bar of the statute of limitations, not merely as to the party actually before the Court, but as to all members of the class. The object of the Portal-to-Portal Act was to alleviate this type of hardship on defendant-employers and to make uncertain plaintiffs certain so the defendants could know the claims with which they were to be faced.

In Deley, et al. v. Atlantic Box & Lumber Corp., 119 F.Supp. 727 (D.New Jersey, 1954), it was held:

"Obviously, therefore, these provisions requiring the filing of written consents were intended to apply to suits brought by one employee in behalf of others similarly situated who were unnamed, and whose several causes of action were not set forth. By the same token, such additional requirements were totally unnecessary as to named plaintiffs, whose separate causes of action were pleaded—as here."

Therefore, upon consideration of the history and purposes of the aforementioned legislation, there is a clear and cogent reason for the filing of a written consent as required by Title 29 U.S.C. Section 216(b). For purposes of the statute of limitations, the action is deemed commenced on the date the complaint is filed, as to a plaintiff specifically named as a party plaintiff and as to other class action plaintiffs, as of dates on which they filed their written consents to become parties plaintiffs. Title 29 U.S.C. Sections 255 and 256. " * * * it is only in an action filed by an employee, on behalf of himself and others, that a consent is to be filed. * * * " Deley et al. v. Atlantic Box & Lumber Corp., supra.

The Court finds and concludes that this is an individual action, not a class or collective action; that the Plaintiff is not required to file a written consent herein under 29 U.S.C. § 216(b); and that for purposes of the two-year statute of limitations this individual plaintiff's action was commenced on the date the complaint was filed.

The Motion to Dismiss is overruled and denied.