Francisco SOLER et al., Plaintiffs,

v.

G & U, INC., Charles Gratz d/b/a Charles Gratz Farm, Defendants.

Jann S. FLING et al., Plaintiffs,

v.

PEAT–GRO FARMS, INC., Defendant.

Pablo LIVAS et al., Plaintiffs,

v.

BIERSTINE FARMS, INC., Defendant.

Gilberto GONZALEZ et al., Plaintiffs,

v.

CEDAR VALLEY GROWERS, INC., Defendant.

Freddy VALENTIN et al., Plaintiffs,

v.

Raymund MYRUSKI, Defendant.

Cececelio ENCARNACION et al., Plaintiffs,

v.

W.K.W. FARMS, INC., Defendant.

Nos. 78 Civ. 6252, 6257–6261 (CHT).

United States District Court, S. D. New York.

Sept. 17, 1979.

Mid-Hudson Legal Services, Inc., Farmworker Project, Poughkeepsie, N.Y., for all plaintiffs; Howard Schell Reilly, Anthony Szczygiel, Thomas S. Cook, Poughkeepsie, N.Y., of counsel.

McManus & Hunter, Goshen, N.Y., for defendant Cedar Valley Growers, Inc.; John J. McManus, Jr., Goshen, N.Y., of counsel.

Meehan & Fink, Goshen, N.Y., for defendants G & U, Inc., Charles Gratz d/b/a Charles Gratz Farm, Bierstine Farms, Inc. and Raymund Myruski.

TENNEY, District Judge.

These plaintiffs are some 100 migrant farmworkers who in 1978 worked on defendants' farms in Orange County, New York. They bring an action under the Fair Labor Standards Act of 1938, as amended ("the Act"), 29 U.S.C. §§ 201 *et seq.*, to recover wage deductions made by the defendants for housing provided to the farmworkers in the defendants' labor camps. The plaintiffs are paid the minimum wage, *id.* § 206(a)(5); however, Congress has included in the term "wage" the "reasonable cost, as determined by the Administrator [of the Wage and Hour Division of the Department of Labor ("the Administrator")], to the employer of furnishing [the] employee with board, lodging, or other facilities . . . ." *Id.* § 203(m). Since 1978 the defendants have been deducting 25 cents per hour from the wages of each worker to whom lodging was supplied. The plaintiffs claim that such a deduction is not "reasonable" within the meaning of section 203(m), which statute also provides that "the Secretary [of Labor] is authorized to determine the fair value of such . . . lodging [as is provided in lieu of wages]." Therefore, concurrent with the filing of this suit to recover the deducted wages, the plaintiffs have petitioned under rules promulgated by the Department of Labor for a determination whether the deduction rate is fair.[1] *See* 29 C.F.R. Part 531. Obviously,

---

1. In behalf of G & U, Inc., Charles Gratz d/b/a Charles Gratz Farm, Bierstine Farms, Inc. and Raymund Myruski, it has also been stated that the decision to charge 25 cents per hour for lodging "was reviewed by the U.S. Department of Labor and found acceptable so long as the maximum deduction did not exceed 50 hours." Defendants' Memorandum of Law at 1. However, there is no proof of that assertion or even a sworn statement in support of it. In 29 U.S.C. § 259 the Act provides that

(a) In any action or proceeding based on any act or omission on or after May 14, 1947, no employer shall be subject to any liability . . . on account of the failure of the employer to pay minimum wages . . . under the Fair Labor Standards Act of 1938, as amended . . . if he pleads and

the agency decision will be of controlling significance in the suit at bar. If the plaintiffs get an unfavorable ruling they will have to take a review posture in the courts. *See, e.g., Walling v. Peavy-Wilson Lumber Co.*, 49 F.Supp. 846 (W.D.La.1943). On the other hand, if it is administratively determined that the deductions for lodging are unreasonable, then to the extent that such deductions have been made the defendants may be liable to their employees "in the amount of their unpaid minimum wages . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

The plaintiffs have moved from consolidation of their suits pursuant to Rule 42(a) of the Federal Rules of Civil Procedure ("Rules"), and have asked the Court to stay proceedings pending the agency decision. The defendants oppose and also seek to have the complaint dismissed for lack of subject matter jurisdiction and for failure to state a claim.[2] Rules 12(b)(2) & (6). For the following reasons consolidation is granted and dismissal is denied, and the Court will stay further action until the issue of reasonable lodging deductions is administratively settled.

█ The main string to the defendants' bow is the argument that there is no cause of action against them until it is determined that they have overcharged the plaintiffs for lodging. They claim that because Congress has provided that an administrative body shall determine the reasonableness of lodging deductions, a fortiori the plaintiffs must exhaust that administrative "remedy" before resorting to the judiciary for review of an agency decision. The plaintiffs respond that under the doctrine of primary jurisdiction the Court may retain a cause of action properly brought—here a suit under 29 U.S.C. § 216(b) for wages improperly withheld—and defer to the agency for resolution of a focal issue bearing on the suit.

The plaintiffs' argument is correct. Primary jurisdiction,

> like the rule requiring exhaustion of administrative remedies, is concerned with promoting proper relationships between the courts and administrative agencies charged with particular regulatory duties. "Exhaustion" applies where a claim is cognizable in the first instance by an administrative agency alone . . . "Primary jurisdiction," on the other hand, applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such a case the judicial process is suspended pending

---

proves that the act or omission complained of was in good faith in conformity with or reliance on any written administrative regulation, order, ruling, approval or interpretation of the agency of the United States specified in subsection (b) of this section or any administrative practice or enforcement policy of such agency with respect to the class of employers to which he belonged. . . .

(b) The agency referred to in subsection (a) of this section shall be

(1) in the case of the Fair Labor Standards Act of 1938, as amended—the Administrator of the Wage and Hour Division of the Department of Labor.

It has been held that an estoppel defense under this statute "requires that a defendant plead and prove that it relied on an opinion *in writing* from the Administrator of the Wage-Hour Division." *Usery v. Godwin Hardware, Inc.*, 426 F.Supp. 1243, 1268 (W.D.Mich.1976) (emphasis added). No such written approval of defendants' acts has been revealed to the Court.

2. Only three of the named defendants have joined in the motion to dismiss: G & U, Inc. and Charles Gratz d/b/a Charles Gratz Farm; Bierstine Farms, Inc.; Raymund Myruski, all represented by the same counsel. Two additional defendants have answered, and a sixth defendant, Cedar Valley Growers, Inc., appeared through counsel to oppose consolidation and stay and to raise the question whether they are included in plaintiffs' petition to the Administrator of the Wage and Hour Division of the Department of Labor to determine whether the deductions made for lodging are reasonable. It seems that Cedar Valley Growers, Inc. was not included in the original petition filed by plaintiffs with the Administrator, *see* Exh. A to Plaintiffs' Notice of Motion, but was subsequently included in the petition by letter of July 26, 1978. Affidavit of Howard Schell Reilly, sworn to March 3, 1979, ¶ 2.

referral of such issues to the administrative body for its views.

*United States v. Western Pacific R.R. Co.,* 352 U.S. 59, 63–64, 77 S.Ct. 161, 165, 1 L.Ed.2d 126 (1956).

In this case the statute leaves to the special competence of the administrative body the decision whether lodgings furnished as part of wages have value commensurate with the deduction. The same statutory scheme consigns to the courts any suit by an employee for violation by any means of the minimum wage laws. 29 U.S.C. § 206(a)(5). Because a declaration of unreasonableness would, by itself, be cold comfort to the worker owed the wages his employer improperly deducted, and because there is no administrative procedure by which a wronged employee could be made whole, it cannot be that Congress meant to rob employees of access to the courts for recoupment of wages simply because it felt that the question of what is fair value for lodgings is better decided by labor experts than through the judicial process. In fact, the controversy at bar is the paradigmatic situation to which the theory of primary jurisdiction applies, and the defendants' contention that there is no cause of action until the agency acts echoes a similar argument made to the Supreme Court in *United States v. Michigan National Corp.,* 419 U.S. 1, 95 S.Ct. 10, 42 L.Ed.2d 1 (1975) (per curiam). In language as dispositive here as there, the Court explained:

> The view that the possibility of disapproval by the Comptroller deprived the District Court of an actual controversy to adjudicate . . . cannot be squared with the many decisions permitting a federal court to stay proceedings in a case properly before it while awaiting the decision of [a state] tribunal. . . . That a favorable decision in the state court might moot the plaintiff's constitutional claim brought to federal court was never thought to create a jurisdictional impediment. For jurisdictional purposes, it suffices that there is a "real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opin-

ion advising what the law would be upon a hypothetical state of facts." . . .

> *The same procedure has generally been followed when the resolution of a claim cognizable in federal court must await a determination by an administrative agency having primary jurisdiction.*

*Id.* at 3–5, 95 S.Ct. at 11–12 (citations omitted; emphasis added). There is no gainsaying that the Act makes a violation of the minimum wage laws cognizable in federal courts, and it is a mere fortuity that this particular claim requires certain agency activity to settle a threshold question in the litigation. Moreover, while these defendants would have it otherwise, dismissal rather than stay in a primary jurisdiction situation is endorsed only "where there is assurance that no party is prejudiced thereby." *Id.* at 5, 95 S.Ct. at 12. Here there is evidence that plaintiffs would be prejudiced if the action were dismissed, since many of the plaintiffs are, by literal definition, migrants, and their counsel has stated that it would be a nearly "insuperable" task to reexecute the income affidavits required for bringing this action in forma pauperis and to reacquire the consents to sue which are conditions precedent to commencing an action under section 216(b). Affidavit of Howard Schell Reilly, sworn to March 6, 1979, at 2. Because the defendants have made no reply to this argument, the Court will, in the exercise of its discretion, stay this action rather than dismiss it pending administrative decision.

■ There remains only the matter of consolidating these six actions under Rule 42(a) which provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may . . . order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." It is within the Court's discretion to determine whether the benefits of consolidation outweigh possible prejudice to individual parties. *Garber v. Randell,* 477 F.2d 711 (2d Cir. 1973). The defendants here have alleged no prejudice to themselves, and these complaints, on

their faces, evidence a common question of law or fact. That there are multiple plaintiffs and defendants does not stand in the way of consolidation for all or some purposes. *See, e.g., Katz v. Realty Equities Corp.*, 521 F.2d 1354 (2d Cir. 1975) (pretrial consolidation approved where litigation involved 17 actions, 21 plaintiffs, five classes, 39 defendants and a number of similar complaints; decision reserved whether to order consolidated trial). At this stage in these particular proceedings, consolidation appears to be warranted in the interests of judicial economy. Therefore, the Court will grant plaintiffs' Rule 42(a) motion without prejudice to a later determination whether trial should likewise proceed on a consolidated basis.

The plaintiffs' motions for consolidation of these six actions and their application to stay judicial proceedings pending a determination whether the deductions made by defendants for lodging were "reasonable" within the meaning of 29 U.S.C. § 203(m) are granted; defendants' motion to dismiss is denied.

So ordered.