Francisco SOLER et al., Plaintiffs,

v.

G & U, INC., Charles Gratz, d/b/a Charles Gratz Farm, Defendants.

Jann S. FLING et al., Plaintiffs,

v.

PEAT–GRO FARMS, INC., Defendant.

Pablo LIVAS et al., Plaintiffs,

v.

BIERSTINE FARMS, INC., Defendant.

Gilberto GONZALEZ et al., Plaintiffs,

v.

CEDAR VALLEY GROWERS, INC., Defendant.

Freddy VALENTIN et al., Plaintiffs,

v.

Raymund MYRUSKI, Defendant.

Cecilio ENCARNACION et al., Plaintiffs,

v.

W.K.W. FARMS, INC., Defendant.

Nos. 78 Civ. 6252 (CHT) and 78 Civ. 6257 (CHT) to 78 Civ. 6261 (CHT).

United States District Court, S. D. New York.

May 7, 1980.

Mid-Hudson Legal Services, Inc., Farmworker Project, Newburgh, N. Y., for plaintiffs; Howard Schell Reilly, Newburgh, N. Y., of counsel.

Meehan & Fink, Goshen, N. Y., for defendants G & U, Inc., Charles Gratz d/b/a Charles Gratz Farm, Peat-Gro Farms, Inc., Bierstine Farms, Inc., and Raymund Myruski; Robert W. Fink, Goshen, N. Y., of counsel.

McManus & Hunter, Goshen, N. Y., for defendant Cedar Valley Growers, Inc.; John J. McManus, Jr., Goshen, N. Y., of counsel.

Owen & Grogan, Goshen, N. Y., for defendant W.K.W. Farms, Inc.; Joseph G. Owen, Goshen, N. Y., of counsel.

## OPINION

TENNEY, District Judge.

The plaintiffs in this action are migrant farm workers who worked on the defendants' farms in Orange County, New York during the summer of 1978. They have instituted a suit under the Fair Labor Standards Act of 1938, as amended (the "Act"), 29 U.S.C. §§ 201 *et seq.*, to recover wage deductions made by the defendants for housing provided to the farm workers in the defendants' labor camps.[1] In a prior decision, 477 F.Supp. 102 (S.D.N.Y.1979), this Court granted plaintiffs' motion to consolidate their claims and denied defendants' motion seeking dismissal of the suit for lack of subject matter jurisdiction and failure to state a claim. The Court also agreed to stay any further proceedings pending an administrative determination by the Wage and Hour Division of the United States Department of Labor as to the fair rental value of the housing provided by the defendants.[2] Petitions seeking a determination of this matter had been filed with the Wage and Hour Division in June 1978; no decision has yet been issued.

In the motion currently before the Court, plaintiffs seek an order (1) granting leave to file an amended complaint adding additional claims and parties; (2) directing defendants to produce within twenty days a list of the names and addresses of all employees who had deductions for rent made from their wages during 1978 and 1979; (3) authorizing plaintiffs' counsel to circulate, mail, and post a proposed Notice of Pendency of Action and Consent to Sue forms to enable other farm workers to join this ac-

tion; and (4) lifting the stay for the purposes of this motion. Defendants oppose the motion. For the reasons given below, the motion is granted subject to the conditions described herein.

### The Stay

Pursuant to the doctrine of primary jurisdiction, the Court previously stayed further proceedings in this action pending a decision by the Labor Department regarding the fair value of the housing provided by the defendants. The agency has not yet spoken on the issue, and now the plaintiffs, who originally sought the stay, request that it be lifted for the limited purposes of this motion. That request is granted.

A district court's authority to stay a pending action is an aspect of its "broad and inherent power 'over [its] own process, to prevent abuses, oppressions and injustice,' so 'as not to produce hardship,' and to do substantial justice." 1 Moore's Federal Practice ¶ 0.60(6), at 634 (1979), *quoting Gumbel v. Pitkin,* 124 U.S. 131, 144, 8 S.Ct. 379, 383, 31 L.Ed. 374 (1888); and *Ownbey v. Morgan,* 256 U.S. 94, 110, 41 S.Ct. 433, 437, 65 L.Ed. 837 (1921). In issuing a stay, a court must "weigh competing interests and maintain an even balance." *Landis v. North American Co.,* 299 U.S. 248, 255, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936). Similar considerations should inform a decision to lift a stay previously ordered.

This action was stayed because complaints had already been lodged with the Department of Labor, and the plaintiffs' claims "require[d] the resolution of issues which, under a regulatory scheme, have

---

1. The workers are "paid" the minimum wage required by the Act, 29 U.S.C. § 206(a)(5). However, the Act defines "Wage" as including "the reasonable cost, as determined by the Administrator [of the Wage and Hour Division of the Department of Labor], to the employer of furnishing [the] employee with board, lodging, or other facilities, if such board, lodging, or other facilities are customarily furnished by such employer to his employees." *Id.* § 203(m). The plaintiffs claim that the amount of money deducted from their wages by the defendants to pay for lodging is not "reasonable" within the meaning of the statute. *See*

*Soler v. G & U, Inc.,* 477 F.Supp. 102, 103 (S.D.N.Y.1979).

2. The Secretary of Labor is authorized to determine the fair value of board, lodging, or other facilities for defined classes of employees in defined areas. Such a determination shall be used in lieu of actual measure of cost in assessing the wage paid to an employee. 29 U.S.C. § 203(m). Under rules promulgated by the Department of Labor, a party may petition for an administrative determination on whether a certain deduction is "fair," as required by the Act. *See* 29 C.F.R. Part 531.

been placed within the special competence of an administrative body . . . ." *Soler v. G & U, Inc.*, 477 F.Supp. 102, 104 (S.D.N.Y.1979), *quoting United States v. Western Pacific R.R. Co.*, 352 U.S. 59, 64, 77 S.Ct. 161, 165, 1 L.Ed.2d 126 (1956). The instant motion does not address the merits of those issues. The plaintiffs seek to amend the complaint to add related claims and additional parties and to notify other farm workers about this action. Resolution of this motion will not disturb the policy concerns underlying the doctrine of primary jurisdiction. If the Department of Labor subsequently decides the issue, the Court will still have the benefit of the agency's views. Furthermore, as described below, some claims may be time-barred if not asserted shortly, and the expeditious joinder of claims and parties should not be unduly delayed.

Accordingly, the stay is lifted for the purposes of this motion. The Court now considers the plaintiffs' other requests.

*1979 Claims and Parties*

Plaintiffs' attorney contends that in the summer of 1979, some of the plaintiffs and other migrant farm workers employed by the defendants were subject to the allegedly excessive rent deductions challenged in this 1978 action. Affidavit of Howard Schell Reilly, sworn to March 7, 1980 ("Reilly Aff."), ¶ 7. Plaintiffs now seek to amend their complaint to add claims arising from the 1979 season and to add as parties some of the workers who were only employed by the defendants in 1979. A number of farm workers have submitted official Consent to Sue forms expressing their interest in joining the action or adding claims for 1979. *See id.*, annexation.

Federal Rule of Civil Procedure ("Rule") 15(a) provides that after a responsive pleading is served, a party may amend his pleading by leave of court "and leave shall be freely given when justice so requires." This provision has been liberally construed, and leave should be granted absent prejudice or bad faith. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1967). See generally 3 Moore's Federal Practice ¶ 15.08[2] (1979). The Court is satisfied that the plaintiffs are not acting in bad faith. Nor will the defendants be unduly prejudiced if this action is broadened to include 1979 claims that would likely be asserted in a separate suit if not added to the case at bar.

Rule 18 provides in part that a party "asserting a claim to relief as an original claim . . . may join, either as independent or as alternate claims, as many claims . . . as he has against the opposing party."

This Rule expresses a philosophy . . . of great liberality "toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." . . . A party should be able to join all the claims he has against his opponent as a matter of course to avoid multiplicity of litigation and possible claims of *res judicata* at a later date.

*Lanier Business Products v. Graymar Co.*, 342 F.Supp. 1200, 1203 (D.Md.1972), *quoting United Mine Workers v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 1137, 16 L.Ed.2d 218 (1966).

■ The claims that the plaintiffs seek to add here are not merely additional claims against these defendants but stem from the same allegedly unlawful practice originally challenged in this action. The factual and legal issues raised by the 1979 claims are probably identical or similar to those involved in the 1978 suit. The interests of justice would best be served by litigating and resolving all the rights and liabilities existing between the parties in one lawsuit. *See Rolls Royce Ltd. v. United States*, 364 F.2d 415, 419, 176 Ct.Cl. 694 (1966); *MGD Graphic Systems, Inc. v. A & A Bindery, Inc.*, 76 F.R.D. 66, 67–68 (E.D.Pa.1977). The plaintiffs may thus amend their complaint to add claims arising from the summer of 1979.

■ Although Rule 21, and not Rule 15, governs the addition of new parties to an action, *Holtzman v. Richardson*, 361 F.Supp.

544, 552 (S.D.N.Y.1973), *rev'd on other grounds*, 484 F.2d 1307 (2d Cir.), *cert. denied*, 416 U.S. 936, 94 S.Ct. 1935, 40 L.Ed.2d 286 (1974); *Pacific Gas & Elec. Co. v. Fibreboard Products, Inc.*, 116 F.Supp. 377, 382–83 (N.D.Cal.1953), the Court is guided by "the same standard of liberality afforded to motions to amend pleadings under Rule 15." [3] *Fair Hous. Dev. Fund Corp. v. Burke*, 55 F.R.D. 414, 419 (E.D.N.Y.1972); *Kaminsky v. Abrams*, 41 F.R.D. 168, 170 (S.D.N.Y.1966). Rule 21 simply provides that parties may be added by court order "on such terms as are just." A district court has considerable discretion in determining whether additional parties should be included in a pending action. *Gentry v. Smith*, 487 F.2d 571, 579–80 (5th Cir. 1973); *Fair Hous. Dev. Corp. v. Burke, supra*, 55 F.R.D. at 419.

█ Having ruled that the plaintiffs may amend their complaint to add 1979 claims, the Court concludes that other workers seeking to assert the exact same claim should be permitted to join the action. It appears that all these claims involve the same or related factual and legal questions. Joinder of additional parties at this stage of the litigation would not create an unfair disadvantage for the defendants and may preserve judicial resources. Therefore, the complaint may be amended to include additional parties pursuing claims under the Act arising from the 1979 season.

*Notice of Pendency of Action & Consent to Sue Forms*

The Act provides that "any one or more employees" can bring a suit for unpaid minimum wages "for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). No employee may be a party to such an action, however, "unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.* The Secretary of Labor ("Secretary") is authorized to institute a suit under the Act, *id.* § 216(c), and neither written consents or requests from employees are required. *Hodgson v. Hyatt*, 318 F.Supp. 390, 393 (N.D.Fla.1970); [1974] U.S. Code Cong. & Ad.News 2811, 2825. An action by the Secretary will cut off the private right of action available to employees. 29 U.S.C. § 216(b).

█ Both private parties and the Secretary are subject to a two year statute of limitations for non-willful violations and a three year statute of limitations for willful violations. *Id.* § 255(a). For purposes of this motion, the parties and the Court assume that the violations alleged here were non-willful. A separate cause of action pursuant to the Act accrues at each regular pay day immediately following the work period during which the services were rendered and for which additional compensation is claimed. *See Hodgson v. Behrens Drug Co.*, 475 F.2d 1041, 1050 (5th Cir.), *cert. denied*, 414 U.S. 822, 94 S.Ct. 121, 38 L.Ed.2d 55 (1973); *Mid-Continent Petroleum Corp. v. Keen*, 157 F.2d 310, 316 (8th Cir. 1946); *Mitchell v. Lancaster Milk Co.*, 185 F.Supp. 66, 70 (M.D.Pa.1960); *Shandelman v. Schuman*, 92 F.Supp. 334, 335 (E.D. Pa.1950).

█ Plaintiffs state that by June 1980 numerous employees who are not parties to this action will be time-barred from pursuing their claims under the Act arising from violations that allegedly occurred during the summer of 1978. In a "collective action" like the case at bar, the action is deemed to be commenced with respect to any individual claimant on the date when the complaint naming him as a party plaintiff and his written consent to join the suit are filed with the court. 29 U.S.C. § 256(a); *see Brown v. Dunbar & Sullivan Dredging Co.*, 189 F.2d 871, 873–74 (2d Cir. 1951);

---

**3.** While the plaintiffs' motion papers do not cite a particular rule, the memorandum in support of this motion refers to Rule 15. Rule 21, however, allows the Court to act on "its own initiative." Accordingly, plaintiffs' motion to add additional parties will be considered and granted pursuant to Rule 21. *See Zarate v. State Dep't of Health and Rehabilitative Services*, 347 F.Supp. 1004, 1006 (S.D.Fla.1971), *aff'd*, 407 U.S. 918, 92 S.Ct. 2462, 32 L.Ed.2d 803 (1972); *Kaminsky v. Abrams, supra*, 41 F.R.D. at 169.

*Drabkin v. Gibbs & Hill, Inc.*, 74 F.Supp. 758, 760 (S.D.N.Y.1947). If a claimant's name is not included in the complaint and no written consent was filed with the court, the action is considered to be commenced as to that claimant on the subsequent date when such consent is submitted. 29 U.S.C. § 256(b); *see Burrell v. La Folette Coach Lines,* 97 F.Supp. 279, 282–83 (E.D.Tenn. 1951). Therefore, the 1978 claims of workers who are not parties to this action will be barred as of June 1980 if consent forms are not filed and the Secretary has not instituted a suit which would cut off the private right of action provided by the Act.

Plaintiffs seek to circulate notice of this lawsuit and Consent to Sue forms among migrant farm workers in the "Black Dirt" area of Orange County who may want to become party plaintiffs in order to preserve their rights. Plaintiffs' attorney states that many workers remain unaware that they have a legal remedy for their alleged injuries or that their rights could be affected by a pending suit. Reilly Aff. ¶ 8. Furthermore, he contends that "[i]t now appears unlikely that the administrative determination or an election by the Secretary to sue on behalf of the other workers will be forthcoming within the limitations period." *Id.* ¶ 14.

The defendants, in turn, argue that the farm workers knew about the lawsuit because it had gained notoriety in the area, and numerous workers from six separate farms executed Consent to Sue forms in the summer of 1978. They also assert that the Department of Labor is now gathering data and preparing to make a determination on the fair rental value of the housing at the defendants' labor camps. Affidavit of Robert W. Fink, sworn to March 19, 1980, ¶ 5; Affidavit of John J. McManus, Jr., sworn to March 20, 1980, ¶ 3. Finally, defendants contend that plaintiffs' attorney's desire to notify potential parties with 1978 or 1979 claims is "nothing more than soliciting clients." Affidavit of Joseph G. Owen, sworn to March 18, 1980, at 2.

The Court concludes that the plaintiffs have good reason to fear that the 1978 claims of non-party workers who have not submitted Consent to Sue forms could be time-barred if they are not soon notified about this action and given an opportunity to join. More than six weeks have passed since the defendants stated that an administrative determination would be issued shortly. While the Court does not question the agency's efforts in pursuing this matter, its delay should not serve to bar interested individuals from asserting their claims before the end of the limitations period. Even if the agency rules in the plaintiffs' favor and the Secretary institutes suit, the limitations period will run until the complaint is filed, *see* 29 U.S.C. § 256, which may be several weeks after the administrative ruling is announced. And, contrary to defendants' assertion, *see* McManus Aff. ¶ 4, an unfavorable ruling would not preclude this suit but would merely require the plaintiff to adopt a "review posture" in court. *See Soler v. G & U, Inc., supra,* 477 F.Supp. at 103–04. Finally, a court order permitting the plaintiffs to notify and include additional parties does not affect the legitimate interest of all concerned in having the agency first review the issue.

The Court rejects defendants' assertion that this lawsuit was so notorious among their employees that any worker who could or would have been interested in joining the suit knew when and where and how to do so. Plaintiffs' attorney states, and defendants do not dispute, that no local newspapers or radio programs discussed the action and many workers are illiterate or do not speak English. Reply Affidavit of Howard Schell Reilly, sworn to March 27, 1980 ("Reilly Reply Aff."), ¶ 3. The labor camps are physically isolated from the surrounding community, *see Mid-Hudson Legal Services, Inc. v. G & U, Inc.,* 437 F.Supp. 60, 61 (S.D.N.Y.1977), and it is difficult to contact many of the residents either during the summer or the rest of the year. Reilly Reply Aff. ¶ 3. While it is likely that the workers discussed the suit among themselves, the Court cannot presume that all or even most of those interested in pursuing a legal remedy were aware of the opportunity at hand.

The Court also rejects defendants' charge that the attempt to inform more workers about the lawsuit and to facilitate their participation constitutes an unwarranted solicitation of clients. As stated by the Supreme Court, the legislative history of the Fair Labor Standards Act reflects Congress's intent "to aid the unprotected, unorganized and lowest paid of the nation's working population; that is, those employees who lacked sufficient bargaining power to secure for themselves a minimum subsistence wage." *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 707 n.18, 65 S.Ct. 895, 902, 89 L.Ed. 1296 (1945). Testifying before Congress in 1949, the Secretary of Labor stated that the purpose of the Act, to insure that employees receive the requisite minimum wage, "can only be served completely and effectively when employers cannot be relieved of their obligations through the inertia or ignorance of their employees." *Quoted in* Senate Rep.No. 640, 81st Cong., 1st Sess., *reprinted in* U.S.Code Cong.Serv. 2247–48 (1949). Section 216(b) of the Act specifically provides that an action may be maintained on behalf of similarly situated employees who give their consent in writing. Successful implementation of this provision requires broad dissemination of information to the class of persons potentially affected by the suit. *See Mid-Hudson Legal Services, Inc. v. G & U, Inc.*, 578 F.2d 34, 36–37 (2d Cir. 1978) (granting attorney's fees to federally funded legal services corporation that was prevailing party in action seeking to enjoin interference with access to farm workers' labor camps for the purpose of distributing legal rights booklets and advising workers of available legal services).

■ In *Braunstein v. Eastern Photographic Laboratories, Inc.*, 600 F.2d 335 (2d Cir. 1978), *cert. denied*, 441 U.S. 944, 99 S.Ct. 2162, 60 L.Ed.2d 1046 (1979), the Second Circuit held that section 216(b) authorizes a district court to order that notice be given to other potential members of the plaintiff class in an appropriate case. For the reasons discussed above, the Court concludes that notice is appropriate with respect to potential plaintiffs with claims arising from the summer of 1978. Similarly, having granted plaintiffs leave to file an amended complaint adding claims and parties for the 1979 season, the Court concludes that notice should also be sent to other similarly situated 1979 employees. In the words of the Second Circuit, providing notice of the lawsuit to other farm workers "comports with the broad remedial purpose of the Act, which should be given a liberal construction, as well as with the interest of the courts in avoiding multiplicity of suits." *Id.* at 336.

The plaintiffs have submitted a proposed Notice of Pendency of Actions, in English and Spanish, that they would like to circulate by mail and posting. The defendants have made several objections to the proposed Notice. After reviewing the proposal, the objections, and notices that have been employed in other cases, the Court approves the basic form submitted, subject to a few changes suggested by the defendants. Specifically, the statements regarding defendants' initial motion in this case and its denial should be omitted. The workers should be informed that they may retain their own counsel and that the Secretary could also institute a suit that would encompass these claims. Contrary to defendants' assertion, the Consent to Sue forms should be returned to Mid-Hudson Legal Services, Inc. and then submitted to the Court by the plaintiffs' attorney in order for the action to be deemed commenced with respect to the individual claimant. See 29 U.S.C. § 256. The remainder of the proposed Notice may remain unchanged.

*Discovery*

■ In order to mail the proposed Notice and Consent to Sue forms to all potential plaintiffs, the plaintiffs have moved for an order directing the defendants to produce within twenty days a list of the names and addresses of all 1978 and 1979 employees who had rent payments taken from their wages. Under Rules 33 and 34, which provide for interrogatories and document production, a party has thirty days to respond to a discovery request. Both Rules

state, however, that the court may allow for a shorter or longer time. The plaintiffs contend that a shorter time is appropriate in this case because the information is readily available and the claims of potential parties could soon be barred by the statute of limitations. The Court agrees.

The plaintiff in *Braunstein v. Eastern Photographic Laboratories, Inc., supra,* had also requested that the defendant produce a list of names and addresses so that potential plaintiffs could be informed of the pending lawsuit. Prior to the district court hearing in the case, such a list was turned over to plaintiff's attorney. Subsequently, defendant's new counsel objected to plaintiff's use of the list to circulate a notice of pendency to potential class members. At the hearing, the district court ruled that notice to potential plaintiffs could be ordered pursuant to section 216(b). Transcript of Judge Daly's oral Opinion and Order (D.Conn.1978) (unpaginated), Exh. F. to Plaintiffs' Notice of Motion. Judge Daly noted that defendant's objection to the plaintiff's use of the list for notice purposes raised a question regarding the plaintiff's First Amendment right to communicate with potential class members. He also stated that he would have ordered the defendant to produce the list for notice purposes if the defendant had objected to the discovery request before the list had been turned over to the plaintiff. After issuing this ruling, Judge Daly certified two issues for interlocutory appeal.

First, does a District Court have the authority to order the circulation of notice to potential members of a 29 U.S.C. § 216(b) class? Secondly, once a plaintiff has received through discovery a list of employees who may wish to opt into the class, can a District Court prevent the use of the list without violating plaintiff's First Amendment rights?

As noted above, the Second Circuit affirmed Judge Daly's ruling on the first issue. The Court of Appeals' brief opinion did not address the discovery issue in the case. Yet the court's affirmance of Judge Daly's order, and its citation of at least one other case where such a discovery request

was upheld, *Gomez v. Buckeye Sugars, Inc.,* No. C73–41 (N.D.Ohio 1973), suggest that the Second Circuit would approve an order directing defendants to product a list with the names and addresses of potential class members.

■ A district court is vested with broad discretion in entertaining a discovery motion, and the Rules are to be liberally construed and applied. *See Baker v. F & F Investment,* 470 F.2d 778, 781 (2d Cir. 1972); *Mallinckrodt Chemical Works v. Goldman, Sachs & Co.,* 58 F.R.D. 348, 353 (S.D.N.Y. 1973). The names and addresses requested are "relevant to the subject matter involved in the pending action," Rule 26, and are necessary to implement the rulings issued by this Court. The plaintiffs claim that this information is readily available to the defendants because they are statutorily required to keep such information. None of the defendants has refuted this assertion or explained why prompt compliance with this discovery request would be unduly burdensome.

■ In light of the time pressures generated by the statute of limitations for the 1978 claims, the Court concludes that the plaintiffs' motion for expedited discovery should be granted. Because several weeks have passed while this motion has been under consideration, and June 1980 is rapidly approaching, the defendants will be granted ten days from the entry of this Order to comply with the discovery request, instead of the twenty days suggested in the plaintiffs' motion.

*Conclusion*

After lifting the stay for the purpose of entertaining this motion, the Court granted plaintiffs' motions for leave to file an amended complaint and for expedited discovery. The defendants are directed to produce, within ten days of the entry of this Order, a list of the names and addresses of 1978 and 1979 employees who had rent deductions taken from their wages. The plaintiffs are authorized to post and mail the proposed Notice of Pendency of Action and Consent to Sue forms, subject to the

changes described above. The plaintiffs may assert claims arising from the summers of 1978 and 1979 on behalf of similarly situated employees who satisfy the consent requirements established by the Act.

So ordered.