Francisco Rosario **SOLER**, et al., Appellants,

v.

**G & U, INC.,** et al., Appellees.

Nos. 1014, 1015, Dockets 81–7844, 82–7092.

United States Court of Appeals, Second Circuit.

Argued April 19, 1982.

Decided May 20, 1982.*

Opinion Oct. 6, 1982.

* This opinion was initially filed as an order on May 20, 1982. On request of the parties it is now being published as an opinion in accordance with Second Circuit Rule 0.23.

Howard S. Reilly, Farmworker Legal Services of New York, Inc., Newburgh, N. Y., for appellants.

Edward F. Beane, White Plains, N. Y. (John T. McManus, Goshen, N. Y., of counsel), for appellees.

Before OAKES, CARDAMONE and WINTER, Circuit Judges.

OAKES, Circuit Judge:

This is an appeal from an order of the United States District Court for the Southern District of New York, Charles H. Tenney, Judge, denying plaintiffs-appellants' motion for a preliminary injunction. We affirm.

Approximately 100 Spanish-speaking migrant farmworkers who in 1978 worked on defendants' farms in Orange County, New York, brought this action under the Fair Labor Standards Act (FLSA) to recover wage deductions for housing provided to the farmworkers in the defendants' labor camps. Plaintiffs concurrently petitioned the Secretary of Labor for a determination whether the deduction rate was fair, and the district court stayed the judicial proceedings pending the agency decision.

Plaintiffs subsequently amended their complaint to allege discrimination in violation of 29 U.S.C. § 215(a)(3) against farmworkers who were parties to this action. Section 215(a)(3) makes it unlawful for an employer "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint" under the FLSA. Plaintiffs allege that "G & U, Inc., through an officer, Raymond Utter, discriminated against at least two of the plaintiffs ... by causing them to sign letters, contrary to their true wishes, withdrawing from this action under circumstances that were inherently threatening and coercive." They sought a preliminary injunction against further such actions by defendants.

Judge Tenney denied plaintiffs' motion for a preliminary injunction. He found that seven farmworkers, four of whom were plaintiffs in the case, signed letters prepared at the Farmworkers Community Center indicating that they did not wish to be involved in the lawsuit. Five of the workers subsequently reaffirmed their desire not to be part of the suit. Two others declared that they did not want to sign the letters, and G & U consented not to contest withdrawal of their letters. None of the farmworkers experienced or were threatened with any adverse change in their employment, the court found, nor was Utter's presence at the time the letters were signed inherently coercive. Judge Tenney found that Utter's actions were a legitimate, nondiscriminatory effort to assist farmworkers who had erroneously been listed as plaintiffs by plaintiffs' attorney.

We find that the district court did not abuse its discretion in concluding that plaintiffs were unlikely to succeed on the merits of their claim under section 215(a)(3), and that no irreparable harm would result from denial of the preliminary injunction. Section 215(a)(3) prohibits not only retaliatory terminations of FLSA claimants but also "any other manner [of] discrimin[ation]." See, e.g., NLRB v. Western Clinical Laboratory, Inc., 571 F.2d 457 (9th Cir. 1978) (denial of leave without pay); Dunlop v. Carriage Carpet Co., 548 F.2d 139 (6th Cir. 1977) (misrepresentation to prospective employer). Few cases have interpreted the scope of the section's antidiscrimination language. Undoubtedly, threats of retaliation are also prohibited by

the provision, as are efforts to obtain withdrawal of FLSA claims by threats of retaliation. *Cf. EEOC v. Kenosha Unified School District No. 1,* 620 F.2d 1220, 1228 (7th Cir. 1980) (finding no threat of retaliation).

Appellants seem correct that section 215(a)(3) should be interpreted as broadly as the comparable provision of the National Labor Relations Act (NLRA), 29 U.S.C. § 158(a)(4), which makes it an unfair labor practice for an employer "to discharge or otherwise discriminate against an employee because he has filed charges or given testimony under" the Act. The NLRA provision is aimed broadly at preventing intimidation of complainants and witnesses, *see John Hancock Mutual Life Insurance Co. v. NLRB,* 191 F.2d 483, 485 (D.C.Cir.1951), and the FLSA provision doubtless has a similar aim. But even under the NLRA, not every expression of interest in an employee's lawsuit amounts to discrimination. *See, e.g., NLRB v. Martin A. Gleason, Inc.,* 534 F.2d 466 (2d Cir. 1976) (request for copies of statements to Board); *W. T. Grant Co. v. NLRB,* 337 F.2d 447, 449 (7th Cir. 1964) (request for copies of employees' affidavits). Moreover, a legitimate, nondiscriminatory motive generally will justify employer action which would otherwise be proscribed under the NLRA provision. *See, e.g., Dubin-Haskell Lining Corp. v. NLRB,* 386 F.2d 306, 309 (4th Cir. 1967), *cert. denied,* 393 U.S. 824, 89 S.Ct. 83, 21 L.Ed.2d 95 (1968). Thus, under any reasonable interpretation of section 215(a)(3), the farm owner's inquiries and assistance in preparing letters of withdrawal, which Judge Tenney found to have a legitimate, nondiscriminatory motive, would not be improper discrimination.

■ Judge Tenney also properly found that plaintiffs would not suffer irreparable harm in the absence of an injunction. The two plaintiffs who erroneously withdrew their claims would suffer no harm, inasmuch as G & U consented to the reinstatement of their claims. Even absent the stipulation, the claims could ultimately be reinstated by the court upon proof of coercion. Nor have plaintiffs convincingly demonstrated any harm—or "chill"—to other plaintiffs or prospective plaintiffs, in light of the court's finding that no plaintiffs have withdrawn from the suit since the letters were signed on July 24, 1981, and that since then a greater number of consents to sue have been filed than in the previous six months.

Judgment affirmed.