Francisco SOLER, et al., Plaintiffs,

v.

G & U, INC., Charles Gratz, d/b/a Charles Gratz Farm, Defendants.

Jann S. FLING, et al., Plaintiffs,

v.

PEAT GRO FARMS, INC., Defendant.

Pablo LIVAS, et al., Plaintiffs,

v.

BIERSTINE FARMS, INC., Defendant.

Gilberto GONZALEZ, et al., Plaintiffs,

v.

CEDAR VALLEY GROWERS, INC., Defendant.

Freddy VALENTIN, et al., Plaintiffs,

v.

Raymund MYRUSKI, Defendant.

Cecelio ENCARNACION, et al., Plaintiffs,

v.

W.K.W. FARMS, INC., Defendant.

Nos. 78 Civ. 6252 (CHT), 78 Civ. 6257 (CHT) to 78 Civ. 6261 (CHT).

United States District Court, S.D. New York.

July 14, 1983.

Farmworker Legal Services of New York, Inc., Newburgh, N.Y., for plaintiffs; Howard Schell Reilly, Thomas A. Harnett, Clifford Zucker, Newburgh, N.Y., of counsel.

Keane & Beane, P.C., White Plains, N.Y., for defendants; Edward F. Beane, William M. O'Connor, Richard L. O'Rourke, White Plains, N.Y., of counsel.

## OPINION

TENNEY, District Judge.

The plaintiffs are approximately 100 migrant farmworkers. They brought this suit in 1978 pursuant to the Fair Labor Standards Act of 1938, as amended ("the Act" or "FLSA"), 29 U.S.C. § 201 et seq. (1976), to recover allegedly unfair wage deductions

made by the defendant farm owners for housing provided to them on the defendants' farms in Orange County, New York. Concurrent to the filing of this action the plaintiffs petitioned the Department of Labor for a determination of the fair rental value of the defendants' housing.[1]

Previously, this Court has (1) granted plaintiffs' request for consolidation of their claims and for a stay pending a decision by the Labor Department, *Soler v. G & U, Inc.*, 477 F.Supp. 102 (S.D.N.Y.1979); (2) temporarily lifted the stay, granted leave to file an amended complaint adding new parties and claims, and authorized plaintiffs' counsel, Farmworker Legal Services of New York, Inc., to circulate, mail, and post Notice of Pendency of Action and Consent to Sue forms so that potential plaintiffs could join the action, *Soler v. G & U, Inc.*, 86 F.R.D. 524 (S.D.N.Y.1980); and (3) denied plaintiffs' motion for a preliminary injunction that sought to enjoin defendant G & U, Inc. and its representative from coercing any of the plaintiffs to withdraw from the suit. See Opinion filed January 15, 1982, 78 Civ. 6252 (CHT), *aff'd,* 690 F.2d 301 (1982).

By this current motion the plaintiffs seek an order that will: (1) lift the stay for the purposes of this motion; (2) direct defendants to produce within 20 days a list of the names and addresses of all employees from the 1980–82 growing seasons who had deductions for rent made from their wages; and (3) authorize plaintiffs' counsel to circulate a proposed Notice of Pendency of Action and Consent to Sue forms by mail and posting in contemplation of amendment or supplementation of the 1978–79 claims pursuant to Federal Rule of Civil Procedure ("Rule") 15. The defendants, claiming that circumstances have changed substantially since the Court granted the plaintiffs' first request to notify potential plaintiffs, are opposed to the motion. Moreover, defendants argue that if the Court decides to grant the plaintiffs' motion, the sample Notice of Pendency of Action and Consent to Sue forms submitted by the plaintiffs are materially misleading and should be modified before the Court approves their use. Finally, the defendants claim that the plaintiffs' motion is frivolous, and, consequently, they seek attorneys' fees.[2]

For the reasons stated below the Court denies both the plaintiffs' motion and the defendants' request for attorneys' fees.

*Circulation of Notice of Pendency of Action and Consent to Sue Forms*

■ Section 16(b) of the Act states that "[a]n action to recover ... liability ... may be maintained against any employer ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b) (Supp. II 1978).[3] Unlike class ac-

1. *See* 29 C.F.R. Part 531. Plaintiffs were paid the minimum wage. Included within the term "wage" under the Act is the "reasonable cost, as determined by the Administrator [of the Wage and Hour Division of the Department of Labor], to the employer of furnishing [the] employee with board, lodging, or other facilities." 29 U.S.C. § 203(m) (Supp. II 1978). On February 9, 1983 the Administrator issued his decision, which established the reasonable cost or fair value of the lodgings furnished by the defendant farms.

2. The Court has the power to lift the stay for the limited purposes of this motion, *Soler v. G & U, Inc., supra,* 86 F.R.D. at 526–27, and the defendants do not contend otherwise.

3. Section 16(b) provides in full as follows:

 (b) Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to be-

tions brought pursuant to Rule 23 "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.* Unless a FLSA class member affirmatively "opts-in" by filing a consent to sue form with the court, he may not be bound by or benefit from a judgment entered in an action under this section. *Partlow v. Jewish Orphans' Home of Southern Cal. Inc.,* 645 F.2d 757, 759 (9th Cir.1981); *Kinney Shoe Corp. v. Vorhes,* 564 F.2d 859, 862 (9th Cir.1977); *Riojas v. Seal Produce, Inc.,* 82 F.R.D. 613, 616–17 (S.D. Tex.1979). *See generally* 3B J. Moore & J. Kennedy, Moore's Federal Practice ¶ 23.-02[2.–10] (2d ed. 1982). Furthermore, unlike Rule 23, the Act contains no specific provision for notifying potential plaintiffs about the pendency of an action.

In *Braunstein v. Eastern Photographic Laboratories, Inc.,* 600 F.2d 335 (2d Cir. 1978), the Second Circuit addressed the issue whether a district court has the power to order that notice be given to other potential members of a plaintiff class under the opt-in provision of the FLSA. The court held that "it makes more sense, in light of the 'opt-in' provision of § 16(b) of the Act ... to read the statute as permitting, rather than prohibiting, notice in an appropriate case." *Id.* at 336 (citations omitted). The court reasoned that this interpretation of the statute comported with the broad remedial purposes of the Act, as well as with the long-standing judicial policy of avoiding a multiplicity of suits. *Id.*

As noted above, this Court, after granting plaintiffs' motion to add claims for the 1979 growing season to those arising out of the 1978 season, authorized the circulation of a Notice of Pendency of Action and Consent to Sue forms to other similarly situated employees. *Soler v. G & U, Inc., supra,* 86 F.R.D. at 530. This Court found that, in view of the principles enunciated in *Braunstein,* and the fact that many potential plaintiffs were probably unaware of the lawsuit and would be time-barred if they did not proceed shortly, the case was an appropriate one for permitting notice. *Id.* at 528–30.

By this motion the Farmworker Legal Services seeks permission to notify individuals employed at the defendants' farms during the 1980–82 growing seasons of their right to join the current litigation. It contends that unless these individuals are given notice of the pendency of this suit and an opportunity to join in this action, workers with claims arising out of the 1980 growing season will be time-barred by the running of the three year statute of limitations for willful violations.[4] Plaintiffs' Brief in Support of Motion to Lift Stay, Permit Limited Discovery, and to Circulate Notice of Pendency of Action and Consent Forms in Contemplation of Amendment of Complaint and Addition of New Parties, at 4. Farmworker Legal Services further notes that many of the migrant farmworkers are illiterate or non-English speaking

---

come such a party and such consent is filed in the court in which such action is brought. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action. The right provided by this subsection to bring an action by or on behalf of any employee, and the right of any employee to become a party plaintiff to any such action, shall terminate upon the filing of a complaint by the Secretary of Labor in an action under section 217 of this title in which (1) restraint is sought of any further delay in the payment of unpaid minimum wages, or the amount of unpaid overtime compensation, as the case may be, owing to such employee under section 206 or section 207 of this title by an employer liable therefor under the provisions of this subsection or (2) legal or equitable relief is sought as a result of alleged violations of section 215(a)(3) of this title.

29 U.S.C. § 216(b) (Supp. II 1978).

4. 29 U.S.C. § 255, which covers the statute of limitations for violations of the FLSA, provides in pertinent part that:

(a) if the cause of action accrues on or after May 14, 1947—[it] may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.

individuals who move in and out of the migrant work force in response to the availability of employment in non-agricultural areas. *Id.* at 4–5. Consequently, plaintiffs' counsel claims that many individuals employed during the 1980–82 growing seasons are probably ignorant of their possible right to a refund. *Id.*

The defendants present two principal arguments in opposition to the plaintiffs' motion. First, they contend that since the plaintiffs have not moved to amend their complaint to include causes of action for the 1980–82 growing seasons and since plaintiffs have filed Consent to Sue forms against only three of the six defendants for this period, the Court has no authority to grant the plaintiffs' motion. Defendants' Memorandum of Law at 3–4. Second, the defendants argue that, even if the Court determines that it has the authority to permit the circulation of the Notice of Pendency of Action and Consent to Sue forms, the circumstances are not appropriate for the Court to exercise its discretion in this matter. *Id.* at 6–10. The defendants claim that the circumstances have changed substantially since the Court approved the previous Notice of Pendency of Action for the 1978–79 growing seasons, and that the workers from the 1980–82 growing seasons are well aware of their opportunity to become party-plaintiffs in this case. *Id.* at 11. According to the defendants, allowing plaintiffs' counsel to distribute notice to these individuals, when they have expressed no interest in pursuing a court action, would violate the time-honored judicial prohibition against stirring-up litigation. *Id.* at 4. Alternately, defendants argue that if the Court does decide to permit the circulation of a notice, the notice should be sent only to employees of the defendants who have at least one Consent to Sue form filed against them for the 1980–82 growing season.[5] *Id.*

In response, plaintiffs' counsel argues that it should not be precluded from notifying potential plaintiffs from the 1980–82 growing seasons because of a mere technicality, to wit—the failure to move for an amendment to the complaint to include parties and claims for these periods. Plaintiffs' Reply Brief at 3. Plaintiffs further contend that courts routinely approve Rule 15 motions adding parties and claims and that in light of the remedial nature of the Act the Court should approve the request for notice. *Id.* at 5–7.

Clearly, a district court has the discretionary power to authorize the circulation of notice to potential class members in a representative action brought pursuant to § 16(b) of the FLSA. *Woods v. New York Life Ins. Co.,* 686 F.2d 578, 580 (7th Cir. 1982); *Braunstein v. Eastern Photographic Laboratories, Inc., supra; Soler v. G & U, Inc., supra,* 86 F.R.D. 524; *Roijas v. Seal Produce, Inc., supra. See also Partlow v. Jewish Orphans' Home of Southern Cal. Inc., supra,* 645 F.2d at 759 (" '[T]he trial court has an obligation to those not before it to ensure that they are apprised of proceedings that may finally affect them; ...' ") (quoting *In re Gypsum Antitrust Cases,* 565 F.2d 1123, 1127 (9th Cir.1977)). *But see Kinney Shoe Corp. v. Vorhes, supra.* Hence, the question before the Court is not whether it has the power or authority to authorize the notice, but whether the "appropriate" circumstances exist for the Court to exercise its discretion in this matter.

**5.** Defendants also argue that the plaintiffs have been dilatory, since they have failed to make a motion to add parties and claims for the 1980–82 growing seasons. Accordingly, defendants argue that this should weigh heavily against the plaintiffs in the Court's determination of this motion. This argument is meritless. Under the FLSA, "[a] separate cause of action pursuant to the Act accrues at each regular pay day immediately following the work period during which the services were rendered and for which additional compensation is claimed." *Soler v. G & U, Inc., supra,* 86 F.R.D. at 528 (citing cases). Thus, many, if not all, of the alleged violations for the 1980–82 growing seasons are well within the statute of limitations. *See supra,* note 4. Furthermore, the defendants have failed to demonstrate that they will be prejudiced, if the Court allows the plaintiffs to circulate a Notice of Pendency. *Cf. Donovan v. Gillmor,* 535 F.Supp. 154, 157 (N.D.Ohio 1982).

■ While courts favor the adjudication and resolution of all the rights and liabilities existing between the parties in one lawsuit, *Soler v. G & U, Inc.,* 86 F.R.D. at 527 (citations omitted), the Court cannot simply assume that claims and parties from the 1980–82 growing seasons will be added to the current action. All the issues the Court would have to consider before it could approve any amendments to the complaint have not been properly briefed and argued.

■ Thus, because the Court has yet to approve any proposed amendments to the complaint to include additional parties or claims for the 1980–82 growing seasons, *see Soler v. G & U, Inc., supra,* 86 F.R.D. at 530; *see also Hall v. Beals,* 396 U.S. 45, 49, 90 S.Ct. 200, 202, 24 L.Ed.2d 214 (1969) (per curiam) (a party does not have standing to represent a group of which he is not a part), and because plaintiffs have failed to demonstrate the existence of any special circumstances that would warrant the circulation of a notice of pendency to the putative plaintiffs, absent approved claims for the 1980–82 growing seasons, *cf. Partlow v. Jewish Orphans' Home of Southern Cal. Inc., supra,* 645 F.2d at 759; *Ross v. Warner,* 80 F.R.D. 88, 90–91 (S.D.N.Y.1978), the Court concludes that the circulation of a Notice of Pendency of Action and Consent to Sue forms would be inappropriate at the present time.

In reaching this conclusion the Court is not unmindful that the FLSA is a broad remedial act, deserving a liberal construction, and that causes of action arising from alleged violations during the summer of 1980 may soon be time-barred if the potential plaintiffs, who have not previously filed consents with the Court, are not added to the action.[6] *See* 29 U.S.C. § 256. However, these concerns are outweighed by other, important considerations. The Court, thus, agrees with the defendants that the circulation of notice under the particular circumstances of the instant case would constitute a stirring-up of litigation. Indeed, if the Court were to permit notice, it would be encouraging individuals to submit consents when there is no underlying claim to support them. *See id.* Moreover, the circulation of notice at this time "would change[ ] the character of the [Court] from that of an adjudicator of disputes brought to [it] to that of a kind of town crier, ringing the tocsin to awaken those who may be sleeping on their rights." *Woods v. New York Life Ins. Co., supra,* 686 F.2d at 581. *Cf. Pan Am. World Airways, Inc. v. United States Dist. Court, C.D. Cal.,* 523 F.2d 1073, 1077–81 (9th Cir.1975). Therefore, the Court holds that, absent any special circumstances, it will not consider whether it should approve the circulation of a Notice of Pendency of Action and Consent to Sue forms to potential plaintiffs from the 1980–82 growing seasons until claims are added to the complaint asserting that a provision of the Act has been violated by the defendants during these periods, and a named plaintiff asserts that he is similarly situated with the potential plaintiffs whom he seeks to notify.[7]

*Discovery*

Plaintiffs have also requested an order directing the defendants to produce the names and addresses of the employees from the 1980–82 growing seasons. Farmworker Legal Services has indicated that it needs this information not only for the circulation of the Notice of Pendency, but also to determine whether claims should be added for the years 1980–82 for any of the 1978–79

---

**6.** The Court, on October 20, 1981, advised the plaintiffs' counsel that it should move to amend the complaint to include claims for subsequent years so that consents, which had been previously filed with the Court for the post-1978–79 period, would have underlying claims to support them. Moreover, putative claimants from the 1980 growing season were employed on the defendants' farms at a time when the Notice of Pendency of Action and Consent to Sue forms

were circulated and posted in the spring of 1980.

**7.** Since the Court has denied plaintiffs' request for a circulation of the Notice of Pendency of Action and Consent to Sue forms, it need not determine whether the sample forms, submitted by the plaintiffs, are materially misleading, as the defendants assert.

plaintiffs who returned for subsequent employment. Affidavit of Howard S. Reilly, Esq., sworn to November, 1982, ¶¶ 6–7. The defendants, citing Rule 26(b)(1), argue that the request should be denied because, until plaintiffs amend the complaint to include claims for this period, this information is irrelevant to the pending suit. Defendants' Memorandum of Law at 5.

However, if the Court denies Farmworker Legal Services' request for this information until the complaint is amended, the Court would put the plaintiffs' counsel in a quandary, creating the proverbial "Catch 22." That is, plaintiffs' counsel would not be able to obtain this information until it amended the complaint to include claims for the 1980–82 seasons. But because of the itinerant nature of its clients, it would not be able to amend the complaint in good faith to add claims for these periods until it had an opportunity to review employee lists to determine whether individuals employed during 1978 or 1979 were also employed during any of the 1980–82 growing seasons.

 In entertaining a discovery motion, a district court is vested with broad discretion. *Soler v. G & U, Inc., supra,* 86 F.R.D. at 531 (citing cases). Thus, in view of the dilemma the plaintiffs' counsel would be in if the Court were to deny the request for names and addresses and because this information can be produced without an undue burden, *see* 29 C.F.R. § 516.5(a), the defendants are directed to produce within twenty days of the entry of this Order a list of the names and addresses of the employees who worked on the defendants' farms during the 1980, 1981, and 1982 growing seasons. Where possible, the defendants will indicate which employees had rent deductions taken from their wages. *See id.* at § 516.6(c).

Finally, the Court turns to defendants' request for attorneys' fees. Because the defendants have failed to prove that plaintiffs' conduct in this matter has been egregious or otherwise improper, the defendants' request is denied.

So ordered.