Francisco **SOLER**, et al., Plaintiffs,

v.

**G & U, INC., Charles Gratz, d/b/a Charles Gratz Farm,** Defendants.

Jann S. **FLING**, et al., Plaintiffs,

v.

**PEAT–GRO FARMS, INC.,** Defendant.

Pablo **LIVAS**, et al., Plaintiffs,

v.

**BIERSTINE FARMS, INC.,** Defendant.

Gilberto **GONZALEZ**, et al., Plaintiffs,

v.

**CEDAR VALLEY GROWERS, INC.,** Defendant.

Freddy **VALENTIN**, et al., Plaintiffs,

v.

Raymund **MYRUSKI**, Defendant.

Cecelio **ENCARNACION**, et al., Plaintiffs,

v.

**W.K.W. FARMS, INC.,** Defendant.

Nos. 78 Civ. 6252 (CHT), 78 Civ. 6257 (CHT) to 78 Civ. 6261 (CHT).

United States District Court, S.D. New York.

July 19, 1984.

---

· Farmworker Legal Services of New York, Inc., Newburgh, N.Y., for plaintiffs; Howard Schell Reilly, Newburgh, N.Y., of counsel.

Keane & Beane, P.C., White Plains, N.Y., for defendants; Edward F. Beane, Richard L. O'Rourke, White Plains, N.Y., of counsel.

## MEMORANDUM and ORDER

TENNEY, District Judge.

Plaintiffs are approximately 100 migrant farm workers who have brought six actions against Orange County farm owners. The farm workers seek damages under the Fair Labor Standards Act of 1938 ("FLSA" or "the Act"), 29 U.S.C. § 201, *et seq.* (1982), for allegedly excessive rent deductions made from their minimum wages. The actions have been consolidated for pretrial purposes. *See* 477 F.Supp. 102, 105–06 (S.D.N.Y.1979).[1] In the current motion, plaintiffs seek one order pursuant to Federal Rule of Civil Procedure ("Rule") 15(a) granting leave to file a Fourth Amended Complaint for the consolidated actions and a second order pursuant to Rule 21 adding parties plaintiff. For the reasons below the motion is granted.

*Background*

The six consolidated actions before the Court currently include claims arising out of the 1978 and 1979 growing seasons.[2] Pursuant to Rule 15(a) some of the named plaintiffs now seek permission to add claims for the 1980 to 1983 growing seasons.[3] In addition some of the farm workers wish to become parties plaintiff. These individuals are not, however, strangers to this controversy. Some are already named plaintiffs in one of the consolidated actions. Each of these individuals now seeks pursuant to Rule 15(a) or Rule 21 to file a claim or claims for one or more of the growing seasons against a defendant other than the one he is presently suing.[4] The other individuals are farm workers who have previously filed consent to sue forms[5] with the Court, but who are not currently named plaintiffs in any action. Pursuant to Rule 21 these individuals seek permission to become parties plaintiff to one or more of the actions.

 Insofar as some of the named plaintiffs seek to add claims to the com-

---

1. In 1979 the actions were stayed pending a determination by the Administrator of the Wage and Hour Division of the Department of Labor of the fair value of the housing supplied to the plaintiffs. *See* 477 F.Supp. at 105. Although the parties to the consolidated actions assert that the administrative proceedings are complete and both the plaintiffs and the defendants have challenged the findings of the Administrator in a separate action, *see Soler v. Donovan*, 80 Civ. 3506 (CHT), neither side has moved to lift the stay. Therefore, the Court will *sua sponte* lift the stay but will continue the six consolidated actions on the suspense docket pending the Court's review of the administrative proceedings.

2. For a more detailed account of the history of these actions see 477 F.Supp. 102 (1979), 86 F.R.D. 524 (1980), and 568 F.Supp. 313 (1983).

3. For example, Francisco Rosario Soler seeks leave to add claims for the 1981 and 1982 growing seasons to his current 1978 claim against G & U, Inc.

4. Some named plaintiffs, who worked for one farm during one of the 1978 or 1979 growing seasons, believe that they also worked for a second farm during the same season and seek leave to file claims pursuant to Rule 15 against that farm. Other named plaintiffs, for example in the action against G & U, Inc. for 1978 and 1979, seek leave pursuant to Rule 21 to join in an action against another farm for the 1980 through 1983 growing seasons.

5. "Unlike class actions brought pursuant to Rule 23 '[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.'" 568 F.Supp. at 316 (quoting 29 U.S.C. § 216(b)). According to the plaintiffs all of the farm workers involved in these actions have filed consent to sue forms with the Court pursuant to 29 U.S.C. § 216(b).

plaint for the years 1980 to 1983—a time period not covered by the original complaint—their motion should have been grounded in Rule 15(d) rather than Rule 15(a). Rule 15(d) allows parties to file supplemental pleadings to update their complaints and answers.[6] However, the fact that the plaintiffs have failed to properly label a portion of their motion, while problematic, is not fatal. Motions under Rule 15(a) and Rule 15(d) are addressed to the sound discretion of the court, *see Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (Rule 15(a)); *United States v. International Business Mach. Corp.*, 66 F.R.D. 223 (S.D.N.Y.1975) (Rule 15(a), (d)), and Rule 15(d) motions should be viewed with the same liberal principles applicable to Rule 15(a) motions. *See* 6 C. Wright & A. Miller, Federal Practice and Procedure § 1510 (1971). Thus, the Court will treat that portion of the proposed amended pleadings which seeks to add claims from 1980 to 1983 as if it had been properly filed pursuant to Rule 15(d). *See Wilcox v. Miller*, 691 F.2d 739, 740 n. 1 (5th Cir.1982) (per curiam); 6 C. Wright & A. Miller, *supra*, § 1473.[7]

Turning to the substance of the motion, the Court notes that this is not the first time that the plaintiffs have sought an order allowing the addition of parties and claims. In 1980 the plaintiffs moved to add new parties and claims for the 1979 growing season to the original complaint that included claims for only the 1978 season. In granting that motion, the Court stated

Federal Rule of Civil Procedure ("Rule") 15(a) provides that after a responsive pleading is served, a party may amend his pleading by leave of court "and leave shall be freely given when justice so requires." This provision has

been liberally construed, and leave should be granted absent prejudice or bad faith. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1967). See generally 3 Moore's Federal Practice ¶ 15.08[2] (1979). The Court is satisfied that the plaintiffs are not acting in bad faith. Nor will the defendants be unduly prejudiced if this action is broadened to include 1979 claims that would likely be asserted in a separate suit if not added to the case at bar.

. . . .

The claims that the plaintiffs seek to add here are not merely additional claims against these defendants but stem from the same allegedly unlawful practice originally challenged in this action. The factual and legal issues raised by the 1979 claims are probably identical or similar to those involved in the 1978 suit. The interests of justice would best be served by litigating and resolving all the rights and liabilities existing between the parties in one lawsuit. *See Rolls Royce Ltd. v. United States*, 364 F.2d 415, 419, 176 Ct.Cl. 694 (1966); *MGD Graphic Systems, Inc. v. A & A Bindery, Inc.*, 76 F.R.D. 66, 67–68 (E.D.Pa.1977). The plaintiffs may thus amend their complaint to add claims arising from the summer of 1979.

. . . .

Having ruled that the plaintiffs may amend their complaint to add 1979 claims, the Court concludes that other workers seeking to assert the exact same claim [pursuant to Rule 21] should be permitted to join the action. It appears

---

**6.** Rule 15(d) states:

(d) Supplemental Pleadings. Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the court

deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor.

**7.** Indeed, if the supplemental claim is filed within a timely fashion, that is, before the statute of limitations has run on the claim, it makes little or no difference if the request to supplement is analyzed under Rule 15(a) or Rule 15(d). *See* 6 C. Wright & A. Miller, supra, § 1502.

that all these claims involve the same or related factual and legal questions. Joinder of additional parties at this stage of the litigation would not create an unfair disadvantage for the defendants and may preserve judicial resources. Therefore, the complaint may be amended to include additional parties pursuing claims under the Act arising from the 1979 season. 86 F.R.D. at 527–28.

The plaintiffs contend that the above reasoning is applicable here and supports their present motion for the addition of new claims and parties. Moreover, they contend that, even though four years have passed since they last moved to amend the complaint, none of the claims that they now wish to assert are barred by the statute of limitations.[8] Plaintiffs assert that all of the claims relate back under Rule 15(c)[9] to the filing dates of the original complaints.

In response, the defendants assert that the circumstances are now quite different. They argue that the plaintiffs' motion to file a Fourth Amended Complaint should be denied because the motion has been unduly delayed and has not been offered in good faith, and they contend that they will be severely prejudiced if new parties and claims relating back to 1978 are added to the action. In particular, they argue that the new claims do not relate back under Rule 15(c), that the statute of limitations has run on the claims accruing in the years 1978 to 1980, and that it may have run on the claims accruing in 1981. *See supra* note 8.

---

**8.** Under § 255(a) private parties are subject to a two year statute of limitation on claims for non-willful violations of the FLSA and a three year limitation on claims for willful violations. For the purpose of this motion, the Court will assume that the violations were non-willful. *See* 86 F.R.D. at 528.

**9.** Rule 15(c) states in pertinent part:

(c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of

*Discussion*

Although the Court has some reservations about the proposed Fourth Amended Complaint, it agrees with the plaintiffs that the above-quoted reasoning in the Court's prior opinion, concerning the addition of parties and claims, is equally applicable to the current motion. The plaintiffs' delay alone, in filing this motion, absent a showing of bad faith or prejudice, is insufficient ground for barring the new parties and claims. *See United States v. Webb*, 655 F.2d 977, 980 (9th Cir.1981); *Chrysler Corp. v. Fedders Corp.*, 540 F.Supp. 706, 716 (S.D.N.Y.1982). The record indicates that the plaintiffs have not been acting in bad faith and that they have not been overly dilatory in filing these claims. Indeed, the claims for the 1983 growing season arose only a few months before the plaintiffs moved to amend the complaint. Moreover, the addition of the new claims and parties will not delay the prosecution of these cases since the actions have been stayed pending an administrative determination of the fair value of the rental charges for the housing supplied to all of the workers. *See supra* note 1. Hence, the actions are virtually in the same litigation posture at this time as they were in 1980.

The Court also finds that the defendants will not be unduly or substantially prejudiced by the addition of the claims and new parties. The proposed amended complaint does not set forth new legal theories upon which relief could be granted. Nor is it an attempt to gain a tactical advantage over the defendants by requiring them to en-

---

the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

gage in further expensive rounds of discovery or additional administrative proceedings.

More important, the Court finds that the defendants will not be prejudiced by the addition of the allegedly time-barred claims. Most, if not all, of these claims relate back to the dates on which the consents were filed. The claims in the Fourth Amended Complaint may be grouped into three categories for the relation back analysis. The grounds on which each group of claims relates back are as follows.

■ First, many of the named plaintiffs seek to supplement their previous claims against an individual farm with claims for the subsequent growing years, 1980 to 1983. As noted above, this portion of the motion is grounded in Rule 15(d), which unlike Rule 15(a) is not governed by the relation back provision of Rule 15(c). However, an examination of the case law and treatises indicates that supplemental pleadings, such as the one before the Court, should relate back. *See, e.g., William Inglis & Sons Baking Co. v. ITT Continental Baking Co.*, 668 F.2d 1014, 1056–58 (9th Cir.1981), *cert. denied*, 459 U.S. 825, 103 S.Ct. 57, 74 L.Ed.2d 61 (1982); 6 C. Wright & A. Miller, *supra*, § 1508. In *William Inglis & Sons Baking Co.*, the Ninth Circuit stated that:

> As we see it, whether the supplemental complaint may encompass the entire period following commencement of suit, despite the statute of limitations, will depend upon the nature of the claims raised in the supplemental pleading. If those claims are unrelated to those alleged in the initial complaint, or rely on conduct or events different from those involved in the original action, the statute of limitations should be applied. *See Blau v. Lamb*, 191 F.Supp. 906, 906 (S.D.N.Y. 1961), *rev'd on other grounds*, 314 F.2d

618 (2d Cir.), *cert. denied*, 375 U.S. 813, 84 S.Ct. 44, 11 L.Ed.2d 49 (1963). Where, however, the original pleading gave notice that the alleged wrongful conduct was of a continuing nature, supplemental pleadings addressed to the same conduct should not encounter statute of limitations questions.

668 F.2d at 1057 (footnote omitted). The above analysis clearly comports with the policy underpinnings of Rule 15, which favors decisions on the merits and aptly states the test that should be applied to determine whether supplemental claims relate back to the date of the original pleadings.[10]

Applying this test, the Court finds that the claims for the 1980–1983 growing seasons clearly should not be time-barred.[11] These claims, like the 1979 claims, are "probably identical or similar to those involved in the 1978 suit." 86 F.R.D. at 527. In addition, the pleadings in the consolidated actions request that the defendants be enjoined from any further violations of the Act. Therefore, the defendants were on notice that the alleged wrongful conduct was of a continuing nature and that additional claims might be filed as they accrued. Accordingly, the Court finds that the supplemental claims that the named plaintiffs seek to add to these actions are not barred by the statute of limitations.

■ However, in collective actions, such as those before the Court, 29 U.S.C. § 256, provides that the action is to be considered to be commenced as to each individual claimant on the date on which the claimant files a consent to sue form with the court. *See Kuhn v. Philadelphia Elec. Co.*, 487 F.Supp. 974, 975–77 (E.D.Pa.1980). This statutory scheme grafts an additional requirement onto Federal Rule of Civil Procedure 3 for the commencement of an FLSA case. Therefore, as to each individual

---

**10.** Some courts, however, treat supplemental claims with limitation problems as a request to amend pursuant to Rule 15(a), and analyze them under the relation back provisions of Rule 15(c) if the claims are based on a repetition of the wrongs alleged in the original complaint.

*See, e.g., United States v. International Business Mach. Corp., supra,* 66 F.R.D. at 229.

**11.** Obviously, if the plaintiffs had filed new actions, the claims for the 1982 and 1983 growing seasons would not be time-barred. *See* 29 U.S.C. § 256; *supra* note 8.

claimant, the supplemental claims will relate back to the date on which his or her consent to sue form was filed with the Court and not to the date on which the original complaint was filed. *Id.*

■ Second, a few named plaintiffs assert that they have recently discovered that they were employed by more than one farm during one of the growing seasons. Each now wishes to assert claims against a second farm pursuant to Rule 15(a). In essence, each of these plaintiffs asserts that he brought claims against the wrong defendant and wishes to substitute another defendant. Under Rule 15(c) these claims clearly relate back to the dates on which the consents to sue were filed and are not time-barred. *See supra* note 9.

Third, some individuals seek leave pursuant to Rule 21 to become parties plaintiff. As previously noted these individuals are not strangers to this litigation. It has been stated that:

As long as a defendant is fully apprised of a claim arising from specific conduct and has prepared to defend the action against him, he will not be prejudiced by the addition of a new plaintiff and thus should not be allowed to raise a limitations defense.

As long as the original complaint gives defendant adequate notice, an amendment relating back is proper even if it exposes defendant to greater damages.

Further, as long as the original complaint provides defendant with adequate notice of the conduct, transaction, or occurrence upon which plaintiff bases his claim and the parties before the court remain the same, it is reasonable to assume that defendant has knowledge of any claim plaintiff might assert in any capacity arising out of the event in dispute.

6 C. Wright, A. Miller & M. Kane, § 1501, at 211 (Supp.1984) (footnotes omitted); *see also Unilever (Raw Materials) Ltd. v. M/T Stolt Boel*, 77 F.R.D. 384, 387–88 (S.D.N.Y. 1977).

■ The consolidated actions before the Court are collective actions, *see* 86 F.R.D. at 528, which are brought on behalf of the named plaintiffs "and other employees similarly situated." 29 U.S.C. § 216(b). Each individual that now seeks to join one of the other actions as a party plaintiff has previously filed a consent to sue form with the Court. Five of the six defendants have always been represented by the same law firm; the sixth farm, Peat-Gro, is apparently bankrupt and has not filed a response to this motion. Although the consent to sue forms filed with the Court are general and do not name a specific defendant, the FLSA does not require this level of specificity, *see Riojas v. Seal Produce, Inc.*, 82 F.R.D. 613, 617 (S.D.Tex.1979), and the consent to sue forms satisfy the requirements of 29 U.S.C. § 216(b).[12] Thus, the original

---

**12.** A typical consent to sue form filed with the Court reads as follows:

MID HUDSON LEGAL SERVICES, INC.
185 Liberty Street—Post Office Box 590
Newburgh, New York 12550
Telephone: 914-562-2107

HOWARD SCHELL REILLY
Managing Attorney

JOHN D. GORMAN
Executive Director

Farmworker Project
*Servicios Legales Para Los Campesinos*

KATHRYN S. LAZAR
Assistant Director

### CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I hereby consent to be a party plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., to secure any unpaid minimum wages, liquidated damages, attorney's fees, costs and other relief arising out of my employment in Orange County, New York, in 1978 and/or 1979.

I hereby authorize Mid-Hudson Legal Services, Inc. Farmworker Project, its successors and assigns, to represent me in such action.

complaints and the consent to sue forms gave the defendants adequate notice that additional parties might be joining the actions. Accordingly, the Court holds that the defendants will not be prejudiced by the addition of any of the parties plaintiff proposed on this motion.

■ In so holding the Court does not necessarily find that all the claims by these individuals are timely, and a few claims may indeed be barred. The new parties plaintiff can be divided into two groups. In one group are those individuals who are named plaintiffs in one of the actions covering the 1978 and 1979 growing seasons. These individuals wish to join one or more of the other actions with claims from the 1980 to 1983 growing seasons. Presumably all of these individuals tolled the statute of limitations on their 1978 and 1979 claims by filing consent to sue forms prior to 1980 or 1981. *See* 29 U.S.C. § 256(b). Their new claims relate back to these dates and are not time-barred. The second group consists of those individuals who have filed consent to sue forms with the Court, but who are not named plaintiffs in any one action. Some of the claims by these farm workers may be time-barred. For example, if one of these individuals

filed a consent to sue in 1982 and now seeks to add a claim accruing in 1978, this early claim would be barred. *See* 29 U.S.C. §§ 255, 256. Any claims by these individuals that arose after the date of the filing of their consent to sue forms are not barred and relate back to the date of filing.

■ Finally, the Court agrees with the defendants that it is difficult to ascertain from an examination of the proposed Fourth Amended Complaint which plaintiffs seek which relief, i.e., which plaintiffs are seeking to add supplemental claims pursuant to Rule 15(d), which plaintiffs wish to join actions pursuant to Rule 21, and which plaintiffs wish to substitute a defendant pursuant to Rule 15(a), (c). *See* Exh. A to Notice of Motion and Motion for Leave to File Amended Complaint and Add Party Plaintiffs Pursuant to Rules 15 and 21. But the Court does not agree with the defendants' argument that this lack of specificity demonstrates bad faith or is a ground for denying the motion to amend and supplement the complaints. This specific information is not needed to determine whether the additional parties and claims should be added to these collective actions. If the defendants believe that this information is essential to them, because they be-

---

**CONSENTIMIENTO PARA DEMANDAR BAJO EL ACTO DE NORMAS RAZONABLES DE TRABAJO**

Yo por la presente doy mi consentimiento para ser parte de una accion bajo el Acto de Normas Razonables de Trabajo, 29 U.S.C. § 201 et seq.; para obtener tales salarios minimos que no fueron pagados, danos liquidados, honorarios de abogados, costo u reparacion resultando de mi empleo en el Condado de Orange, Nueva York en 1978 o 1979.

Yo por la presente autorizo a Mid-Hudson Legal Services, Inc., Proyecto de Campesinos, sus sucesores y cesionarios, para representaime en tal accion.

---

The Court rejects any contentions by the defendants that the more recent claims are barred by § 216(b) unless the plaintiffs file additional consent to sue forms to cover these periods. While this Court and others have stated that "[a] separate cause of action [under the FLSA] accrues at each regular pay day immediately following the work period during which the services were rendered and for which additional compensation is claimed," 86 F.R.D. at 528 (citations omitted), the statute does not require that a party file more than one consent to sue form with the court, or that the dates of the alleged violations be included on the forms. Any interpretation of § 216(b) that would require the filing of separate consent to sue forms for each cause of action, or even for each growing sea-

son, would run contrary to the remedial purposes underlying the FLSA, *see generally, Braunstein v. Eastern Photographic Laboratories, Inc.,* 600 F.2d 335, 336 (2d Cir.1978) (per curiam) (The Act has "broad remedial purposes ... which should be given a liberal construction ...."), and would be going beyond the limited intent underlying the consent to sue requirement. *See generally Dolan v. Project Const. Corp.,* 725 F.2d 1263, 1266–67 (10th Cir.1984) ("The opt-in language of § 216(b) [the consent to sue requirement] was a direct result of ... clear Congressional dissatisfaction with the original class action provisions of the FLSA[,]" and was designed to eliminate the normal discovery practices that had been abused under previous FLSA class actions.).

lieve that a few individual claims or causes of action may still be time-barred, they may use the usual discovery procedures to obtain this information.

Accordingly, the Court rules that the plaintiffs may file a Fourth Amended and Supplemental Complaint within 30 days of the date of this opinion. The defendants may file an amended answer within 30 days after the filing of the amended complaint.

So ordered.