BETHESDA FOUNDATION, A NEBRASKA NONPROFIT CORPORATION, APPELLEE, V. NEBRASKA DEPARTMENT OF SOCIAL SERVICES, APPELLANT, AND NEBRASKA DEPARTMENT OF ADMINISTRATIVE SERVICES, APPELLEE.

513 N.W.2d 271

Filed March 11, 1994.   No. S-91-847.

Michael J. Rumbaugh, Special Assistant Attorney General, for appellant.

Robert L. Lepp, Mark A. Pieper, and Larry J. Steier, of McGill, Gotsdiner, Workman & Lepp, P.C., for appellee Bethesda Foundation.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, and FAHRNBRUCH, JJ., and GRANT, J., Retired.

WHITE, J.

This is an appeal from an administrative order denying a motion to amend and/or supplement original claims. The Department of Administrative Services denied the motion to amend and/or supplement because it found that the amendments did not relate back to the original claims. The district court and the Nebraska Court of Appeals found that the proposed amendments did relate back. We reverse the decision of the Court of Appeals, *Bethesda Found. v. Nebraska Dept. of Soc. Servs.*, 3 NCA 686 (1993), and remand the cause for further proceedings not inconsistent with this opinion.

Bethesda Foundation is a Nebraska nonprofit corporation, incorporated for the purpose of owning, operating, and maintaining hospitals and nursing homes throughout

Nebraska. The present action involves claims for medicaid payments filed by 12 Bethesda Foundation facilities (collectively Bethesda).

In Nebraska, medicaid is administered by appellant, Department of Social Services (DSS). See Neb. Rev. Stat. § 68-1018 et seq. (Reissue 1990). In 1982, the Nebraska Legislature enacted a statute which limited the amount which DSS, then known as the Department of Public Welfare, could pay to providers of medicaid services. The statute provided, in relevant part:

> For fiscal year 1982-83, no payments shall be made by the Department of Public Welfare to any vendor for services provided to public assistance recipients, if such payments would result in a payment in excess of the fee allowed on April 1, 1982, increased by three and seventy-five hundredths per cent.

Neb. Rev. Stat. § 68-720 (Cum. Supp. 1982). DSS adopted regulations implementing the statute. The statute was later amended to include fiscal year 1983-84. See § 68-720.

We will refer to the two statutes and the implementing regulations collectively as "the 3.75-percent cap." The 3.75-percent cap was challenged in federal court and was held to be invalid. *Nebraska Health Care Ass'n v. Dunning*, No. CV82-L-472 (D. Neb. July 10, 1984), *aff'd in part and vacated in part* 778 F.2d 1291 (8th Cir. 1985), *cert. denied* 479 U.S. 1063, 107 S. Ct. 947, 93 L. Ed. 2d 996 (1987).

On July 31, 1984, Bethesda filed claims with the Department of Administrative Services (DAS) seeking the medicaid payments it would have received but for the 3.75-percent cap. The claims sought sums due for the period from August 1, 1982, to December 31, 1983 (the original claims).

On June 15, 1989, Bethesda moved to amend and/or supplement its original claims to include sums due for the period from January 1 to October 10, 1984 (the 1984 claims). DAS held a hearing on the motion. The director of DAS first determined that the 1984 claims had not been filed within the applicable statute of limitation. This determination was not contested at the hearing and has not been appealed. The director next determined that the 1984 claims did not relate

back to the original claims. The director found that separate calculations were required "to determine reimbursements to providers from year to year" and that the 1984 claims were based on a separate set of facts. Accordingly, the director denied Bethesda's motion.

Bethesda timely filed a petition for review in the district court for Lancaster County. The district court held that the 1984 claims did relate back. The district court found that the 1984 claims arose out of the same conduct as the original claims, namely DSS' application of the 3.75-percent cap. The district court also found that the 1984 claims did not set forth any new legal theories, that DSS and DAS would not be prejudiced by granting the motion, and that the delay in filing the motion was not in bad faith. Accordingly, the district court reversed the decision of the director.

DSS perfected an appeal to the Court of Appeals. The Court of Appeals reviewed Nebraska cases, but found that none addressed "an amendment where the legal theory remains the same, but the time period for recovery is expanded by the amendment, thereby increasing the defendant's damage exposure." *Bethesda Found. v. Nebraska Dept. of Soc. Servs.*, 3 NCA 686, 691 (1993). The Court of Appeals then reviewed a number of federal cases in which the amendment increased the time period of recovery and was held to relate back to the original claim. Based on these cases, the Court of Appeals held that the 1984 claims did relate back to the original claims.

DSS petitioned for and was granted further review in this court. The single issue before us is whether Bethesda's 1984 claims relate back to the original claims.

Nebraska explicitly adopted the relation-back doctrine in 1970. See *Abbott v. Abbott*, 185 Neb. 177, 174 N.W.2d 335 (1970). Under this doctrine, "[a] cause of action pleaded by amendment ordinarily relates back to the original pleading provided that claimant seeks recovery on the same general set of facts." *Id.* at 181, 174 N.W.2d at 338. The rationale of this doctrine is that the original pleading provides fair notice of the factual situation from which the claim arises. See 3 James W. Moore and Richard D. Freer, Moore's Federal Practice ¶ 15.15[3.—2] (2d ed. 1993).

The original pleadings in the present action are the 12 claims which Bethesda filed with DAS on July 31, 1984. Each claim consists of a cover letter with supporting documentation. The cover letters are virtually identical. The headings of the letters indicate the individual facility and the amount of the claim. The body of each letter, addressed to the director of DAS, states, in relevant part:

> We represent the above-named provider and this letter shall serve as its claim for Medicaid reimbursement for the period of August 1, 1982 to December 31, 1983.
>
> The basis for our calculation of the amount of this claim is set forth in the computation schedule attached hereto together with our provider agreement and other supporting documentation.

The computation schedules referenced in the letters are not included in the record. The provider agreements referenced in the letters show that each facility was a participant in the medicaid program during the period for which the facility claimed reimbursement. The supporting documentation referenced in the letters shows that each facility was properly certified by Nebraska's Department of Health during the same period.

The proposed amendments in the present action are set forth in a letter sent to DAS on June 15, 1989. The letter states, in relevant part: "In order to complete the record, please consider this letter as Bethesda's formal amendment and/or supplement of each of its claims currently pending before [DAS] thereby increasing such claims by the amounts and for the periods indicated in the computation set forth in the document attached hereto . . . ." The attached document referenced in the letter lists the total amount due for the period January 1 to September 30, 1984. The letter to DSS also states that if the proposed amendments are allowed, then Bethesda will "forego the additional nine days into October of 1984."

Having reviewed the original pleadings and the proposed amendment, we now consider whether the two seek recovery on the same general set of facts.

The general set of facts must be derived from the original pleadings. Jack H. Friedenthal et al., Civil Procedure § 5.27 at

306 (2d ed. 1993) (an amendment relates back to an original pleading provided that the amendment asserts a defense or claim which "arose out of the same transaction or occurrence as that *set forth in the original pleading*"). (Emphasis supplied.) See *St. Paul Fire & Marine Ins. Co. v. Touche Ross & Co.*, 244 Neb. 408, 424, 507 N.W.2d 275, 285 (1993) (fiscal year 1981 did not relate back because it "was not mentioned in the original petition"). This is true for two reasons. The first reason is founded in the rationale of the relation-back doctrine. The basis of the relation-back doctrine, as we have previously explained, is the notice which the original pleadings provide. To look outside the original pleadings for the general set of facts would suggest that notice is provided by something other than the pleadings and would, in essence, twist the relation-back doctrine beyond recognition. The second reason is founded in the efficient functioning of the judicial system. If the general set of facts cannot be derived from the original pleadings, then courts will be obliged to hold hearings to uncover the general set of facts. This would waste judicial resources and would create opportunities to lengthen litigation simply by raising relation-back issues. Therefore, when a court is asked to apply the relation-back doctrine, the court must find the general set of facts in the original pleadings.

Bethesda argues that the general set of facts is DSS' application of the 3.75-percent cap, that both the original claims and the 1984 claims arise from the application of the cap, and that therefore the amendments relate back. We disagree. Bethesda's original claims do not mention the 3.75-percent cap at all, let alone DSS' application of the cap. As a result, DSS' application of the 3.75-percent cap cannot serve as the general set of facts on which the proposed amendments could be based.

Bethesda seeks to add a block of time—1984—to the original claims. This Bethesda cannot do. The 1984 claims were not mentioned even obliquely in the original claims. The original claims provide so few factual details that the avenue of the relation-back doctrine is narrowed to the point of impassibility. We are unable to construct, from the original claims, a general set of facts which would encompass the 1984 claims.

For the proposition that an amendment can relate back if the

amendment does not change the theory of the case but increases the time period on which recovery may be had, Bethesda and the Court of Appeals relied on three federal cases: *Simplex Time Recorder Co. v. Secretary of Labor*, 766 F.2d 575 (D.C. Cir. 1985); *Perales v. United States*, 598 F. Supp. 19 (S.D.N.Y. 1984); and *Soler v. G & U, Inc.*, 103 F.R.D. 69 (S.D.N.Y. 1984). In each of these cases, the original pleading included facts which revealed the basis for the claim. Bethesda's original claims, in contrast, do not include such facts. We therefore find the cited cases distinguishable.

We hold that the 1984 claims do not relate back to the original claims. The judgment of the Court of Appeals is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

LANPHIER, J., not participating.