**MEDEVA PHARMA LTD., Plaintiff,**

v.

**AMERICAN HOME PRODUCTS COR-PORATION and American Cyan-amid Company, Defendants.**

**No. C.A. 00–396 GMS.**

United States District Court,
D. Delaware.

March 13, 2001.

Francis DiGiovanni, Connolly, Bove, Lodge & Hutz, Wilmington, DE, for Medeva Pharma Ltd.

Josy W. Ingersoll, Christian D. Wright, Young, Conaway, Stargatt & Taylor, Wilmington, DE, for American Home Products Corporation, American Cyanamid Company.

## *MEMORANDUM AND ORDER*

SLEET, District Judge.

The plaintiff, Medeva Pharma Ltd. ("Medeva") brought suit against American Home Products, Inc. and its wholly owed subsidiary American Cyanamid Company (collectively "the defendants") on April 22, 2000 alleging infringement of U.S. Patent No. 6,048,700 ("the '700 patent"). The 700 patent was issued on April 21, 2000. This action arises under the patent laws of the United States, 35 U.S.C. §§ 1331 and 1338(a). Venue is also proper pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). Presently before the court is Medeva's motion, filed December 14, 2000, to file a First Supplemental Complaint pursuant to F.R.C.P. 15(d).[1] The following sections explain why the court will grant Medeva's motion.

## I. Background

The '700 patent involves a unique method for determining the presence of a *Bordetella pertussis* antigen called 'pertactin' which is an essential component in the manufacture of modern pertussis vaccines. These vaccines are used for immunizing children against whooping cough. Specifically, the '700 patent covers the production, use and sale of

---

1. In its brief Medeva has noted that the defendants do not oppose this motion provided that their original Answer, filed June 30, will apply to the First Supplemental Complaint.

this pertussis antigen. Medeva filed suit against the defendants one day after the '700 patent was issued. In its original complaint, Medeva alleges that the defendants infringe one or more of the claims of the '700 patent by selling a product in the United States and worldwide called ACEL–IMUNE®. Medeva asserts that this product contains the pertactin antigen and, therefore, its production, distribution, and sale infringes one or more claims of the '700 patent, in violation of 35 U.S.C. § 271. In its supplemental complaint, Medeva alleges that the defendants have continued to engage in these infringing activities since the issuance of the '700 patent and the commencement of this action, and will continue to do so unless enjoined.[2]

The court docket does not show that the defendants have filed an answering brief as required by Local Rule 7.1.2. Since the answer was due on January 1, 2001, the court finds that the defendants have waived their right to respond to Medeva's motion. It appears, however, that this waiver was intentional. The Court notes that Medeva has stated in its motion (D.I. 54) that they contacted the defendants to determine if they opposed the instant motion. According to Medeva, the defendants indicated that they would not oppose the motion provided their original answer will apply to the first supplemental complaint, and that no additional allegations in the supplemental complaint would be deemed admitted.

## II. Discussion

■ Federal Rule of Civil Procedure 15 governs the filing of supplemental pleadings. The relevant part of the rule reads, "the court may permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed.R.Civ.P. 15(d). Further, it has been established that the

grant of an application under Rule 15(d) is within the sound discretion of the court. Leave to supplement should be granted if it will promote the just disposition of the case, will not cause undue prejudice or delay and will not prejudice the rights of any parties. *See The Proctor & Gamble Company v. McNeil–PPC, Inc.* 1998 WL 1745118 (D.Del.) (citing *United States v. Local 560 (I.B.T.),* 694 F.Supp. 1158, 1187 (D.N.J.1988)). The court has broad discretion in the application of the Rule and should apply the Rule in a manner securing "the just, speedy and inexpensive determination of every action." *See Id.* (citing Fed.R.Civ.P. 1.) Therefore, unless the court finds "undue delay, bad faith or dilatory motive on the part of the movant or undue prejudice to the opposing party an appropriate exercise of a court's discretion should result in affording a plaintiff the opportunity to test its claim on the merits." *Id.* (internal quotations omitted).[3]

■ In this case, Medeva has filed a motion to supplement its complaint setting forth allegations and seeking appropriate relief for alleged acts of infringement of their '700 patent. The supplemental complaint merely alleges that the continued manufacture, sale, and distribution of ACEL–IMUNE® by the defendants infringes their '700 patent and violates the patent laws of the United States. The defendants have not filed a response or opposition to this motion and the court does not find that granting the motion will cause undue prejudice or delay. Further, Medeva's motion for leave to file a first supplemental complaint does not appear be a result of bad faith or dilatory motive.

For these reasons IT IS HEREBY ORDERED that:

1. Medeva's motion for leave to file its First Supplemental Complaint (D.I. 54)

---

**2.** The defendants filed a mirror image declaratory judgment action against Medeva in the United States District Court for the Southern District of New York. The New York court dismissed the action. After the dismissal, the defendants withdrew a motion to dismiss which they had previously filed in this Delaware action.

**3.** The standard applicable to motions to amend under Fed.R.Civ.P. 15(d) is essentially the same standard that applies to Fed.R.Civ.P. 15(a). *See Epstein v. Township of Whitehall,* Civ. A. No. 88–0534, 1989 WL 73741, at *2 (E.D.Pa. June 29, 1989) (citing *Soler v. G and U, Inc.,* 103 F.R.D. 69 (S.D.N.Y.1984)).

pursuant to Fed.R.Civ.P. 15(d) is hereby GRANTED.

2. The defendant's Answer to the original complaint, filed on June 30, 2000 (D.I. 27), will apply to the First Supplemental Complaint.